23454

JASPER COUNTY TAX ASSESSOR, Appellant v. WESTVACO CORPO-
RATION and South Carolina Tax Commission, Respondents.

(409 S.E. (2d) 333)

Supreme Court

*Darrell Thomas Johnson, Jr.*, Hardeeville, *for appellant.*

*Joe L. Allen, Jr.* and *Ronald W. Urban,* Columbia, *for re-
spondent S.C. Tax Com'n.*

*G. Dana Sinkler* and *Elizabeth T. Thomas,* Charleston, *for
respondent Westvaco Corp.*

Heard June 14, 1991.

Decided Aug. 12, 1991.

GREGORY, Chief Justice:

This appeal is from an order of the circuit court affirming the South Carolina Tax Commission's interpretation of S.C. Code Ann. § 12-43-230(a) (Supp. 1990) regarding an agricultural use assessment for real property. We affirm.

Respondent Westvaco Corporation owns 51,600 acres of timberland in Jasper County. In May 1989, it received notice from appellant Jasper County Tax Assessor (Assessor) that this acreage would no longer qualify for assessment as agricultural land because Westvaco had leased hunting rights on the land to various hunting clubs. Westvaco appealed to the County Board of Tax Assessment Appeals which reversed Assessor's decision and held Westvaco was entitled to the agricultural use assessment under § 12-43-230(a). The Tax Commission and circuit court both affirmed.

The pertinent facts are undisputed. The parties have stipulated growing and harvesting timber is the "most significant use" for Westvaco's entire 51,600 acre tract. Westvaco leases nearly all of the acreage to numerous hunting clubs in order to control the deer population which is very destructive to reforestation. Revenue from these leases is approximately $154,000 yearly, which represents no more than one-tenth of Westvaco's total yearly revenue.

Section 12-43-230(a) defines agricultural real property to include real property used for forestry or producing trees. It further provides:

> In the event at least fifty percent of a real property tract shall qualify as "agricultural real property," the entire tract shall be so classified, *provided no other business for profit is being operated thereon.* (Emphasis added.)

Assessor contends that because Westvaco operated another business for profit on its land, i.e. leases to hunting clubs,[1] it is not entitled to an agricultural use classification. Respondents Tax Commission and Westvaco, on the other hand, rely on

---

[1] Hunting is specifically excluded as an agricultural use under Reg. 117-114.

S.C. Code Reg. 117-114 (1988) which provides that in cases where real property is committed to uses in addition to agricultural uses, the agricultural activity must comprise "the most significant use" in order for the property to qualify as agricultural. Reg. 117-114 specifically provides:

> when one-half or more of the area of contiguous tract of real property is used for agricultural purposes, the entire tract shall be considered as used for agricultural purposes unless some other business is being operated *on the unused portion.* (Emphasis added.)

Thus, Tax Commission has interpreted the language in § 12-43-230(a) upon which Assessor relies to apply only to situations where a tract is divided into separate uses. For instance, if a farmer uses eighty percent of his land for agricultural purposes and twenty percent for vacant land,[2] his entire tract would qualify for agricultural use provided no other business for profit is operated on the twenty percent vacant land. If the twenty percent vacant land *were* used for business for profit, the entire tract would not qualify but only the eighty percent actually used agriculturally.

The construction of a statute by an agency charged with its administration will be accorded most respectful consideration and will not be overruled absent compelling reasons. *Dunton v. South Carolina Board of Examiners in Optometry,* 291 S.C. 221, 353 S.E. (2d) 132 (1987). We find Tax Commission's interpretation of § 12-43-230(a) reasonable and conclude there is no compelling reason to overrule it. Since the parties have stipulated here that timber growth and harvesting is the most significant use of Westvaco's 51,600 acres, we hold Westvaco is entitled to the agricultural assessment for its entire tract pursuant to Reg. 117-114.

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

---

[2] Vacant land does not qualify as agricultural under S.C. Reg. 117-114.