1763

Karen Christine WOODELL, by her Guardian ad Litem Shirley ALLEN, Appellant v. MARION SCHOOL DISTRICT ONE, Respondent.

(414 S.E. (2d) 794)

Court of Appeals

*Benjamin R. Matthews,* Florence, *for appellant.*

*Lawrence B. Orr,* of *Bridges & Orr,* Florence, *for respondent.*

Heard Jan. 14, 1992.

Decided Feb. 10, 1992.

GOOLSBY, Judge:

This action by Shirley Allen as guardian *ad litem* for Karen Christine Woodell is brought pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 *et seq.* (Supp. 1990). The guardian *ad litem* alleges Woodell, a student at a school operated by Marion School District One, was assaulted at school by another student during school hours. The complaint charges the school district with gross negligence in supervising both Woodell and her assailant. The trial court granted the school district's motion to dismiss the complaint, which the school district made pursuant to Rule 12(b)(6),

SCRCP, and held section 15-78-60(20)[1] immunizes the school district from liability for a loss caused by a third party's criminal action. We reverse and remand.

As Dean Lightsey and Professor Flanagan point out in their treatise, a Rule 12(b)(6) motion "is directed to the factual and legal sufficiency of the complaint . . . and only that document is considered." H. Lightsey and J. Flanagan, South Carolina Civil Procedure at 276 (1985). A court ruling on a Rule 12(b)(6) motion must construe the complaint in the light most favorable to the nonmoving party and it must consider the facts alleged in the complaint as true. *Id.*

Here, the complaint does not seek to pin liability on the school district because of the alleged criminal action of the other student; rather, as we noted above, it focuses on the school district's alleged gross negligence in supervising Woodell and the student who allegedly attacked Woodell. *Cf. Greenville Memorial Auditorium v. Martin,* 301 S.C. 242, 391 S.E. (2d) 546 (1990) (the trial judge committed no error in not dismissing an action under section 15-78-60(20) where a patron at a rock concert was struck by a bottle thrown from a balcony of a municipal auditorium because the complaint did not allege the municipality was liable for the criminal act of a third party but alleged the municipality and its employees were negligent in securing and maintaining the premises during the concert). A governmental entity may be liable to a student for a loss when the entity's responsibility to supervise, protect, or control a student "is exercised in a grossly negligent manner." S.C. Code Ann. § 15-78-60(25) (Supp. 1990). Whether in fact Woodell's loss resulted from the school district's alleged grossly negligent supervision of Woodell and the other student or from the alleged criminal action of the other student is not a question that the trial court should have decided on a motion to dismiss.

Reversed and remanded.

SANDERS, C.J., and LITTLEJOHN, Acting Judge, concur.

---

[1] Section 15-78-60(20) states that "[t]he governmental entity is not liable for a loss resulting from . . . an act or omission of a person other than an employee including but not limited to the criminal actions of third persons."