23630

LAURENS COUNTY SCHOOL DISTRICTS 55 AND 56, Appellants v. Betty S. COX, in her official capacity as Auditor of Laurens County, Respondent.

(417 S.E. (2d) 560)

Supreme Court

*Kenneth L. Childs* and *David T. Duff*, of *Childs & Duff*, Columbia, *for appellants.*

*Thomas A. Babb* and *Thomas F. Babb,* both of *Babb & Babb,* Laurens, *for respondent.*

*George C. Leventis,* with the *State Superintendent of Educ.* and *State Dept. of Educ.,* Columbia, *amicus curiae.*

Heard Dec. 3, 1991.

Decided April 13, 1992.

*Per Curiam:*

Appellants (School Districts) commenced this declaratory judgment action to resolve a dispute with Respondent (County Auditor) regarding the formula for determining the minimum local financial effort required under § 12-35-1557.[1] We reverse.

Section 12-35-1557 provides:

> [S]chool district boards of trustees or any other appropriate governing body of a school district shall maintain *at least* the level of per pupil financial effort established as provided in Fiscal Year 1983-84. Beginning in Fiscal Year 1985-86, local financial effort for noncapital programs must be adjusted for an inflation factor estimated by the Division of Research and Statistical Services.
>
> *Thereafter,* school district boards of trustees or other governing bodies of school districts shall maintain *at least the level of financial effort per pupil for noncapital programs as in the prior year* adjusted for an inflation factor estimated by the Division of Research and Statistical Services. The county auditor shall establish a millage rate so that the level of financial effort per pupil for noncapital programs adjusted for an inflation factor . . . is maintained as a minimum effort. No school district which has not complied with this section may receive funds from the [EIA] Fund. School district boards of trustees may apply for a waiver to the State Board of Education from the requirements of this section if: (1) the district has experienced a loss in *revenue* because of reduction in assessed valuation of property or has had a significant increase in one hundred thirty-five average daily membership, (2)

---

[1] Now S.C. Code Ann. Section 59-21-1030 (Supp. 1990).

the district has experienced insignificant growth in *revenue* collections from the *previous year,* (3) the district has demonstrated for one year that it has achieved operating efficiencies and all education requirements are being met, (4) a mid-year *revenue* shortfall results in a reduction of funds appropriated in accordance with [the Education Finance Act]. . . . [Emphasis added.]

Under this statute, which is part of the Education Improvement Act of 1984 [EIA],[2] County Auditor is required annually to establish a millage rate to maintain a minimum local financial effort per pupil in order for the school district to qualify to receive EIA funds. The statute further provides for waiver of this requirement depending upon certain conditions.

School Districts contend that the minimum local effort required by § 12-35-1557 must be calculated by taking the amount of local tax revenues for the prior year and adjusting this amount by the appropriate inflation factor. County Auditor's proposed calculation is essentially the same except she would use the amount of local funds actually expended for noncapital education programs in the prior year, rather than the revenues collected, and adjust this amount by the statutory inflation factor. In other words, the parties' only dispute has been which figure from the prior year, revenues collected *or* funds actually expended, should serve as the base amount to be adjusted for inflation.

The trial judge rejected both proposed constructions and held the statute requires that local effort be calculated by using the 1983-84 fiscal year as the base year and adjusting it each year beginning with 1985-86 by the appropriate inflation factor.

We disagree with the trial judge's statutory interpretation. We hold that, based upon the language and purpose of the statute, School Districts' interpretation of § 12-35-1557 is correct.

Section 12-35-1557 was enacted to ensure that local school districts would not decrease their own funding of education in reliance upon EIA funds with no resulting net increase in total funding. The plain language of the statute indicates local districts must maintain *"at least* the level of per pupil financial

---

[2] S.C. Code Ann. Section 12-35-1557 (Supp. 1989).

effort" of the prior year. However, the trial judge's interpretation here does the exact opposite. It mandates no increases, except for inflation. The result is that local districts are inhibited from going beyond the level of the financial effort set for the 1983-84 year. This is in contravention of the clear meaning and purpose of the statute to provide a minimum, not maximum, financial effort by school districts.

In cases involving statutory construction, this Court has repeatedly held that a statute shall not be construed by concentration on an isolated phase.

The true guide to statutory construction is not the phraseology of an isolated section or provision, but the language of the statute as a whole considered in the light of its manifest purpose. In applying the rule of strict construction the courts may not give to particular words a significance clearly repugnant to the meaning of the statute as a whole, or destructive of its obvious intent.

*City of Columbia v. Niagara Fire Ins. Co.*, 249 S.C. 388, 391, 154 S.E. (2d) 674, 676 (1957). Here the trial court construed Section 12-35-1557 by isolating the first three sentences and ignoring the use of the term revenue in the waiver provisions. Clearly local effort and revenue are synonyms as used in the statute. If not, the waiver provisions would be meaningless. Additionally, as we have analyzed above, the trial court's narrow interpretation is completely at odds with the purpose of this statute.[3]

Accordingly, we reverse.

---

[3] We note that since the passage of the EIA in 1984, the State Department of Education has interpreted § 12-35-1557 to use the prior year's local revenue as the base amount to be adjusted for inflation. This interpretation is consistent with this Court's construction of this statute. It is well settled that the construction of a statute by an agency charged with its administration will be accorded the most respectful consideration and will not be overturned absent compelling reason. *Jasper County Tax Assessor v. Westvaco Corp.*, — S.C. —, 409 S.E. (2d) 333 (1991); *Dunton v. S.C. Bd. of Examiners of Optometry*, 291 S.C. 221, 353 S.E. (2d) 132 (1987).