## 24130

Sarah E. JACKSON, Ruth A. Adams, Harold E. Ancrum, Louise Bennett, Wallis S. Berry, Mary G. Blakely, Judith N. Blancett, Joyce Boyeston, John R. Brechko, Alphonso Brown, Earl D. Brown, Gloria O. Brown, Richard Brown, Louwanda J. Bryant, Francena J. Buncomb, Theodore J. Coker, Rosemary A. Corley, George V. Doren, Ida Drayton, Mark Drayton, Jr., Susan W. Edmonds, Sarah N. Edwards, Vanetta B. Etheridge, Barbara J.K. Felder, James Ficklin, Mozell W. Fludd, Theresa V. Frasier, Ralph E. Freeman, Joella A. Gadsden, Gertrude F. Gethers, Lois G. Gethers, Lillian G. Gleaton, Barbara P. Gotbeter, Melvenia G. Green, Jane M. Gregory, Theresa B. Hairfield, Diane Hamilton, Carnella W. Harley, Sarah J.B. Haynes, Dorothy H. Hill, James E. Hilton, Louise G. Hollington, Charles S. Holmes, Edwina H. Hughes, Ruth B. James, Priscilla L. Jarvis, Alfreda E. Jenkins, Martha C. Jenkins, Retha A. Jenkins, Samuel L. Jenkins, Joyce F. Jennings, Jane S. Johnson, Marie J. Jones, Janetta M. Joy, Ann B. King, Alice B. Kissinger, Molly Kuntz, Mrs. Hamdel W. Ladson, Alice S. Lingenfelter, Ivenia G. Little, Sheryl B. MacMillan, Johnnie A. Major, Leroy Harold Major, Catherine Matthews, William J. McNelis, Norma J. McTeer, H. Laurence Metts, Mary Louise G. Mitchell, Helen Mackabee, Loretta S. Murray, Linette E. Nesbitt, Pamela Arvilla Oliff, David H. Pierce, Ruth M. Pinckney, Marguerite C. Rhett, Lillian Y. Robinson, Ella S. Rose, Judy C. Roumillat, Nancy W. Rushing, Floretta Ryba, Betty W. Sample, Randa C. Sanders, Lonetta J. Saunders, Dorothy Simmons, Pansy L. Simpson, Mary G.N. Sistrunk, Rosalee M. Smith, Stephanie Smith, Margaret L. Sordelet, Mary C. Stanley, Jerry K. Stoots, Georgianna B. Summerhill, Corrie Tisdale, Thomas Tisdale, Norma VanBuren, Alice Loretta P. Veal, Lois L. Vevon, Ethel H. Washington, Jerry W. Weise, Harrison Wilder, Jr., Wilma Williams, Appellants v. CHARLESTON COUNTY SCHOOL DISTRICT, Respondent.

(447 S.E. (2d) 859)

Supreme Court

*W. Allen Nickles, III,* of Columbia, *for appellants.*

*Robert N. Rosen* and *Alice F. Paylor,* both of *Rosen, Rosen & Hagood, P.A.,* of Charleston, *for respondent.*

Heard April 19, 1994.

Decided July 18, 1994.

CHANDLER, Justice:

In this declaratory judgment action, Sarah Jackson, et al (Teachers) appeal an Order granting Respondent Charleston County School District (District) summary judgment.
We affirm.

## FACTS

A proviso in the 1990 State Appropriations Act provides: "School Districts are required to maintain local salary supplements per teacher, no less than their prior fiscal year level." 1990 Acts No. 612, § 28.39 at p. 2945.

Charleston County School District's salary schedule consists of 19 "steps," such that employees receive an annual increase in compensation for 19 years; employees with more than 19 years experience receive no increase. District sought to reward teachers of more than 19 years' experience without

being locked into an annual obligation. In its effort to implement a "longevity bonus" which would not fall within the proviso, District requested and received advice from the State Department of Education (DOE). District specifically inquired as to semantics, and whether there were any legal implications to the name applied to the "longevity increase." After conferring with the DOE's Director of Finance and its Attorney, the Chief Supervisor of Auditing for the DOE, responded as follows:

> Assuming that the longevity bonus is annually renewable and separately accounted, the amount should not count toward the salary supplement requirement as listed in [the] proviso . . .
> These bonuses should be treated similar to state employees and teacher incentive pay bonuses. . . .

Thereafter, District appropriated $500,000 for what it termed a "longevity pay supplement" for the 1989 school year, to be paid out of the 1990 fiscal year budget. The supplement (1) required that employees have a minimum of 19 years experience, (2) distinguished between certificated, noncertificated and administrative employees, and (3) required that the employee's most recent evaluation be satisfactory. The supplement was set at a minimum of $100 per eligible employee. In November, 1990, District divided the $500,000 among those employees eligible for the supplement, resulting in a $533.46[1] payment to each employee. In accordance with DOE's advice, the supplements were separately accounted, on separate payroll runs and were not treated by District as salary. It is undisputed that some teachers with more than 19 years experience did not meet eligibility requirements and, therefore, received no longevity supplement.

The following year, District appropriated only $100,000 toward the "longevity supplement," resulting in a payment of $117.50 to each eligible employee.

Teachers instituted this declaratory judgment action, claiming that the $533.46 paid the prior year constituted a "local salary supplement" which must be maintained in at least that amount under the 1990 Appropriations Act proviso.

---

[1]Administrators received only $433.46, as they had received a $100 step increase.

On cross-motions for summary judgment, Circuit Court held that District's "longevity pay supplement" was not a *salary* supplement as contemplated by the General Assembly but, rather, was money in *addition* to ordinary compensation. Said the Court: "[T]he General Assembly did not intend to tie the hands of school districts so as to make it impossible for them to reward their long term teachers with a bonus payment without being bound to continue such payments in the same amounts for every subsequent year. The intention of the General Assembly was to require school districts to continue to fund teachers' salaries at the same levels and not to reduce that local funding due to their receipt of more funds from the State."

District was granted summary judgment.

## ISSUE

Is the "longevity pay supplement" a "local salary supplement" which must be maintained at no less than the prior fiscal year?

## DISCUSSION

The South Carolina Education Improvement Act (EIA) was designed, in part, to raise salaries in order to attract and retain qualified teachers. 1984 Acts No. 512, p. 2997. Since enactment of the EIA, teachers' salaries are paid from a combination of Education Finance Act (Finance Act) Funds, EIA funds from the state, and local salary supplements.

To effect the increase in teacher salaries under the EIA, a minimum salary schedule is set forth in the Finance Act, S.C. Code Ann. § 59-20-50(4)(b) (1993 Supp.), enumerating the method for computing the State minimum salaries. It states: "Under this schedule, school districts are required to maintain their local salary supplements per teacher no less than their 1983-84 level." Since enactment of the EIA in 1984, the State Appropriations Act has annually included a proviso that "school districts are required to maintain local salary supplements per teacher, no less than their prior fiscal year level." 1990 Acts No. 612, § 28.39, p. 2945. The purpose of the proviso was to ensure that "districts were prohibited from supplanting any local salary supplements with EIA funds. . . ." (Tr. p. 162, Affidavit of District's Finance Director). *See also Lau-*

*rens County School District v. Cox*, 308 S.C. 171, 417 S.E. (2d) 560 (1992). (EIA was enacted to ensure that local school districts would not decrease their own funding in reliance upon EIA funds.)

The primary rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Gilstrap v. S.C. Budget and Control Board,* — S.C. —, 423 S.E. (2d) 101 (1992). Provisions should be given a reasonable construction, consistent with the purpose and policy of the Act. *Gardner v. Biggart*, 308 S.C. 331, 417 S.E. (2d) 858 (1992). "The true guide to statutory construction is not the phraseology of an isolated section or provision, but the language of the statute as a whole considered in the light of its manifest purpose." *Laurens County, supra.*

It is clear that, in enacting the proviso, the legislature intended to prevent school districts from using EIA funds, rather than local funds, in payment of existing "local salary supplements." Here, it is undisputed that, since implementation of the EIA, District *has* maintained its existing "local salary supplements" in accordance with the proviso.[2] Contrary to teachers' assertion, therefore, District is not circumventing the purpose of the EIA in awarding "longevity supplements" since it is, in fact, complying with the requirement of maintaining local supplements.

This Court has held that the State DOE's interpretation of the EIA "will be accorded the most respectful consideration and will not be overturned absent compelling reason." *Laurens County, supra.*

As indicated in the recitation of "Facts," the DOE represented to District that a "longevity bonus," so long as it was annually renewable and separately accounted, would *not* be impacted by the proviso. District followed this advice in implementing the supplement. We find no compelling reason to overturn the State DOE's interpretation of the proviso. *Laurens.* We hold that District's longevity bonus/supplement is not embraced by the proviso which requires counties to maintain local supplements at "no less than their prior fiscal year level." The judgment below is

---

[2]At the time of passage of the EIA, District had in effect a 1% local salary supplement, which it has maintained.

Affirmed.[3]

HARWELL, C.J., and FINNEY, TOAL, and MOORE, JJ., concur.

---

[3]Teachers also assert that, in setting a $100 annual minimum for the supplement, District eliminated the "annual renewability" requirement. However, it is clear that the $100 minimum is not guaranteed; employees must still meet eligibility requirements and have a satisfactory performance evaluation.