517 S.E.2d 444

RICHLAND COUNTY SCHOOL DISTRICT TWO,
and its Board of Trustees, Respondents,

v.

SOUTH CAROLINA DEPARTMENT
OF EDUCATION, Appellant.

No. 2984.

Court of Appeals of South Carolina.

Heard Jan. 14, 1999.
Decided May 3, 1999.

George C. Leventis and Shelly Bezanson Carrigg, both of SC Department of Education, of Columbia, for appellant.

David T. Duff and M. Jane Turner, both of Duff, Dubberly, Turner, Tryon, White & Boykin, of Columbia, for respondents.

HUFF, Judge:

The South Carolina Department of Education (SCDE) appeals a circuit court's declaratory judgment order permitting the Richland County School District and its Board of Trustees (collectively 'the District') to freeze local salary supplements for two categories of teachers and administrators. SCDE argues the District's freeze violates the Education Improvement Act (EIA). We affirm.

## BACKGROUND

The South Carolina Education Finance Act of 1977 (EFA) provides a statewide minimum salary schedule for certified

employees. S.C.Code Ann. §§ 59–20–10 *et seq.* (1990 & Supp.1998). The EFA requires each school district to "pay each certified teacher or administrator an annual salary at least equal to the salary stated in the statewide minimum salary schedule for the person's experience and class." S.C.Code Ann. § 59–20–50(4)(a) (Supp.1998). No teacher "employed in the same position, over the same time period, shall receive less total salary, including any normal incremental increase, than that [teacher] received for the fiscal year before the implementation of this article." S.C.Code Ann. § 59–20–50(4)(a) (Supp.1998).

The South Carolina Education Improvement Act (EIA) amended EFA "to raise salaries in order to attract and retain qualified teachers." *Jackson v. Charleston County Sch. Dist.,* 316 S.C. 177, 180, 447 S.E.2d 859, 861 (1994) (citing Act No. 512, 984 S.C.Acts 2997). Teacher's salaries now contain a combination of EFA funds, EIA funds, and optional local salary supplements. *Jackson,* 316 S.C. at 180, 447 S.E.2d at 861. In conjunction with EIA's purpose, the statute presently reads: "[u]nder this schedule, school districts are required to maintain local salary supplements per teacher no less than their prior fiscal level." S.C.Code Ann. § 59–20–50(4)(b) (Supp.1998). This provision prohibits districts "from supplanting any local salary supplements with EIA funds." Jackson, 316 S.C. at 180, 447 S.E.2d at 861.

When the District analyzed whether their local salary supplement freeze complied with State law, the statute actually stated: "[u]nder this schedule, school districts are required to maintain local salary supplements per teacher no less than their 1983–84 level." S.C.Code Ann. § 59–20–50(4)(b) (1990). The 1991 State Appropriations Act supplemented the statutory language with a legislative proviso reading: "School districts are required to maintain local salary supplements per teacher, no less than their prior fiscal year level." Act No. 171, 1991 S.C.Acts Sections 28.39.[1]

1. From 1986 until the legislature amended section 59–20–50(4)(b), each State Appropriations Act included a similar legislative proviso. *See* Act No. 540, 1986 S.C.Acts 4402; Act No. 170, 1987 S.C.Acts Section 30.4; Act No. 658, 1988 S.C.Acts Section 30.41; Act No. 189, 1989 S.C.Acts Section 28.39; Act. No. 612, 1990 S.C.Acts Section 28.39; Act No. 171, 1991 S.C.Acts Section 28.39; Act. No. 501, 1992 S.C.Acts Section

The State's minimum salary schedule sets salaries through seventeen years of experience. The District supplied a local salary schedule exceeding the State's minimum salary schedule for years of experience and salary amounts. We refer to the various experience levels on either schedule as 'steps.' SCDE designates the position where the vertical columns (education) and horizontal rows (experience) intersect a 'cell.'

The District's schedule increases local salary supplements each year for the first twenty-one years of employment and at five year intervals after the first twenty-one years. In the 1991–92 fiscal year, the District encountered financial hardship because the State provided no additional funds for salary increases and the county council provided $756,906 less than requested. Consequently, the District froze local salary supplement payments for two categories of certified teachers and administrators (collectively teachers): (a) teachers with more than seventeen years of experience, i.e., those beyond the State salary schedule and (b) teachers employed under extended-year contracts who already receive additional compensation because of the added length of their yearly contracts.

A District basketball coach, Bobby Cunningham, complained to SCDE about the freeze. SCDE conducted an informal review and contacted the District regarding a potential liability. The District maintained the freeze complied with State law. SCDE conducted a formal audit for the 1993–94 year to determine whether the District maintained their local salary supplements. SCDE found the District failed to pay 139 instructional employees in accordance with the District's salary schedule for a cumulative underpayment of $67,096. SCDE also charged the District with violating the legislative provision in the State Appropriations Act by failing to maintain their local salary supplements per teacher at a level no less than their prior fiscal year. *See* Act No. 171, 1991 S.C.Acts Section 28.39; Act. No. 501, 1992 S.C.Acts Section 28.60. SCDE informed the District by letter that if the District failed to bring itself into compliance with State law, SCDE would conduct a formal audit and, if necessary, initiate the cessation of the District's EFA funding.

---

28.60; Act No. 164, 1993 S.C.Acts Section 20.54; *Jackson,* 316 S.C. at 180, 447 S.E.2d at 859.

SCDE concedes the State offset the District's increased EFA funds by reducing the amount of EIA funds provided. The parties stipulate that the District maintained local salary supplements for teachers in 1991–92 at levels no less than the local salary supplement paid in the previous fiscal year.

The District filed a declaratory judgment action seeking a declaration of their rights under EFA section 59–20–50(4) and the proviso in the State Appropriations Act for the Fiscal Year 1991. The circuit court declared the District acted in compliance with the law and refused to accept SCDE's argument to interpret the statutory language 'per teacher' as 'per cell.' SCDE appeals.[2] We affirm.

## LAW/ANALYSIS

█ SCDE asserts both the Appropriations Act proviso and the statutory language stating "school districts are required to maintain local salary supplements per teacher, no less than their prior fiscal level" require a 'per cell' analysis rather than a 'per teacher' analysis. SCDE maintains the "local salary supplement correspond[s] to the 'cell' or experience/education level of the individual teacher, not the dollar amount the teacher is paid in local salary supplements." SCDE therefore argues the District must pay teachers during the 1991–92 year the same local salary supplement paid teachers with the same years of experience during the 1990–91 year. The District claims per teacher means 'each teacher' and argues both the Appropriations Act proviso and the plain meaning of the statutory language requires a 'per teacher' analysis which prohibits each teacher from receiving a local salary supplement less than the local salary supplement that teacher received the prior fiscal year.

The plain meaning of the legislative language, whether the Appropriations Act proviso or statutory provision, compels interpreting 'per teacher' as 'each teacher' in the ordinary

---

2. SCDE failed to address and does not contest the circuit court's ruling that the Proviso does not apply to teachers with more than seventeen years of experience because the State minimum salary schedule stops after the seventeenth year. The issue is therefore not preserved. Rule 207, SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

meaning ascribed such terms. The District acted properly in freezing local salary supplements where each teacher received a local salary supplement at least equal to the supplement that teacher received in the prior fiscal year.

"The primary rule of statutory construction requires that legislative intent prevail if it can reasonably be discovered in language used construed in light of intended purpose." *Stephen v. Avins Construction Co.*, 324 S.C. 334, 338, 478 S.E.2d 74, 76 (Ct.App.1996). "The legislature's intent should be ascertained primarily from the plain language of the statute." *Stephen*, 324 S.C. at 339, 478 S.E.2d at 77. "If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no need to employ rules of statutory interpretation, and the court has no right to look for or impose another meaning." *South Carolina Dep't of Revenue and Taxation v. Rosemary Coin Machines, Inc.*, 331 S.C. 234, 245, 500 S.E.2d 176, 182 (Ct.App.1998) (citing *Paschal v. State Election Comm'n*, 317 S.C. 434, 454 S.E.2d 890 (1995)). "[W]ords used in a statute must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the operation of the statute." *Greenville Hospital System v. Provident Life & Accident Ins. Co.*, 330 S.C. 436, 442, 499 S.E.2d 232, 235 (Ct.App.1998) (citing *Koenig v. South Carolina Dept. of Public Safety*, 325 S.C. 400, 403–04, 480 S.E.2d 98, 99 (Ct.App.1996)). "The statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design and policy of lawmakers." *Rosenbaum v. S–M–S 32*, 311 S.C. 140, 143, 427 S.E.2d 897, 898 (1993).

The State Appropriations Act in question stated: "School districts are required to maintain local salary supplements per teacher, no less than their prior fiscal year level." Act No. 171, 1991 S.C.Acts Section 28.39. We conclude the plain meaning of this language precludes the District from decreasing a particular teacher's local salary supplement from the amount received in the prior fiscal year but permits freezing that teacher's local salary supplement amount. To read 'per teacher' as 'per cell' effectually removes the phrase 'per teacher' from the statute and renders that language unnecessary. The plain language provides no indication 'per teacher' means the District must pay teachers with ten years of

experience during the 1991–92 year the same local salary supplement teachers with ten years of experience received during the 1990–91 year and we decline to extend or contort the language to create this 'per cell' meaning.

The policy for the EIA and EFA substantiates our conclusion. The EIA amended the EFA to raise South Carolina's teachers' salaries to the southeastern average. See S.C.Code Ann. § 59–20–50(4)(b) (1990 as amended in Supp.1997) ("In projecting the southeastern average, the division shall include in the South Carolina base teacher salary all local teacher supplements and all incentive pay."). To ensure teacher's salaries actually increased with additional funds from the State, the EIA included the language at issue to prohibit school districts from using EIA funds to supplant local supplements. *Jackson*, 316 S.C. at 180, 447 S.E.2d at 861 (the legislative language prohibits a school district from supplanting any local salary supplements with EIA funds). A former SCDE official testified that a per teacher analysis rather than a per cell analysis furthers the EIA's statutory purpose of raising salaries to the southeastern average by preventing school districts from supplanting local funds with EIA funds. The official testified the per cell analysis poses problems because it shifts the financial burden of maintaining salaries at the southeastern average from the State to the local district taxpayer because for each dollar increase in local salary supplement, the State subtracts an equal dollar amount in EIA funding. Prohibiting the District from decreasing a particular teacher's local supplement amount from the prior fiscal year ensures the District will not supplant local supplements with EIA funds and ensures no burden is unfairly shifted to the State's effort to maintain teacher's salaries at the southeastern average.

■ An SCDE auditor testified that applying a per teacher analysis permits phasing out local salary supplements forcing the EIA to contribute a larger amount which could wipe out the EIA and unduly burden the State. We find SCDE's argument disingenuous. A teacher's salary is now computed by adding (a) the EFA base salary amount, (b) the local salary supplements, and (c) then using the EIA funds as a plug to ensure the total teacher's salary equates with the southeastern average. Thus, for every dollar a school district increases

their local salary supplement, the EIA funds provided by the State decrease by an equal dollar amount. When considering nothing requires school districts to pay local salary supplements, SCDE's argument that the District is shifting the burden on the State to maintain teacher's salaries at the southeastern average is actually an attempt by SCDE to shift the burden to school districts who choose to offer local supplements in an effort to attract the highest caliber teachers.

Despite the deference normally afforded an administrative agency's statutory construction, the plain meaning of the proviso's language provides a compelling reason to reject SCDE's interpretation of 'per teacher' as 'per cell.' *Dunton v. South Carolina Bd. of Examiners in Optometry,* 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987) ("[t]he construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons"); *Lloyd v. South Carolina Dep't of Health and Environmental Control,* 328 S.C. 419, 428–29, 491 S.E.2d 592, 597 (Ct.App.1997), *cert. granted,* (May 15, 1998), *case remanded for settlement,* (July 17, 1998) ("It is well established that "construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons." Even so, an administrative construction 'affords no basis for the perpetuation of a patently erroneous application of the statute.' In this regard, '[w]here the terms of the statute are clear, the court must apply those terms according to their literal meaning.' An appellate court cannot construe a statute without regard to its plain meaning and may not resort to a forced interpretation in an attempt to expand or limit the scope of a statute.") (citations omitted).

Finally, our ruling does not open a Pandora's box permitting school districts to eliminate local supplements for at least two reasons. First, the plain language of the statute specifically prohibits school districts from reducing a particular teacher's supplement from the previous year. Second, school districts still possess an incentive to provide local supplements to attract the highest caliber teachers.

Pursuant to the above analysis, we hold the plain meaning of the legislative language in question permitted the District's freeze on local salary supplements.[3]

AFFIRMED.

HEARN and HOWARD, JJ., concur.

---

3. We express no opinion on the validity of the District's salary schedule. We only address whether the District may freeze local salary supplements under the legislative proviso to the State Appropriations Act.