# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Antoinet Moore, Individually and as Personal
Representative of the Estate of David J. Wilson,
Appellant,

v.

Green's Grocery, LLC, and Mahmoud A. Yousef,
Respondents.

Appellate Case No. 2024-001429

———————

Appeal from Charleston County
George M. McFaddin, Jr., Circuit Court Judge

———————

Opinion No. 28338
Heard March 31, 2026 – Filed June 10, 2026

———————

**AFFIRMED**

———————

Blake Terence Williams, Yasmeen Ebbini, and Morgan
Blake Thompson, all of Nelson Mullins Riley &
Scarborough, LLP, of Columbia, for Appellant.

Mark V. Gende and Ryan C. Holt, both of Sweeny
Wingate & Barrow, PA, of Columbia, for Respondents.

———————

**JUSTICE JAMES:** Suhib Yousef, an 18-year-old employed by Respondents at
their grocery store, fatally shot David Wilson, a store customer. Yousef was charged
with murder, but the circuit court granted him immunity under the Protection of
Persons and Property Act (the Act). *See* S.C. Code Ann. §§ 16-11-410 to -450

(2015). Wilson's estate sued Respondents for negligence, gross negligence, wrongful death, survival, negligent supervision, and negligent entrustment. Respondents moved to dismiss, arguing the grant of immunity to Yousef also provided them immunity from civil action related to the shooting. The circuit court agreed and granted the motion to dismiss. We affirm.

## I.

In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, "we must presume all well-pled facts to be true." *Gressette v. S.C. Elec. & Gas Co.*, 370 S.C. 377, 378-79, 635 S.E.2d 538, 538-39 (2006) (citing *Overcash v. S.C. Elec. & Gas Co.*, 364 S.C. 569, 572, 614 S.E.2d 619, 620 (2005)). Facts recited in the following paragraph are taken from Appellant's complaint.

David Wilson entered Green's Grocery, a convenience store in Charleston, intending to buy a cell phone charger. When he approached the store counter, Wilson jokingly feigned an attempt to walk away without paying for the charger. This led to a heated argument between Wilson and Suhib Yousef, the store clerk, during which Yousef refused to sell Wilson the charger and ordered him to leave the store. The complaint quotes the following exchange, which is also reflected in video and audio of the incident:

Yousef: *Get out of the store.*
Wilson: *Who the f*** you - -*
Yousef: *Come on. Get out of the store.*
Wilson: *You better watch your f***ing mouth, boy.*
Yousef: *Get out of the store. Come on.*
Wilson: *Watch your f***ing tone. I don't know who the f*** you*
       *think you're talkin' to.*

Yousef retrieved a taser from behind the counter, and Wilson asked him, "What the f*** you gonna do?" Yousef responded by activating the electric arc on the taser. Wilson continued to ask Yousef who he thought he was talking to, and Yousef continued to scream for Wilson to leave the store. Wilson said to Yousef, "Come over here and say that s***," and Yousef responded by retrieving a machete and challenging Wilson to touch him. Wilson responded by knocking over some items on the register, and Yousef swung the machete at him. Wilson then spit at Yousef before beginning to exit the store. Yousef put down the machete, retrieved a handgun, and pointed it at Wilson, who exited the store. Yousef followed Wilson to the door, where he held the door open with his right foot and continued to point the gun at him. Wilson turned and unsuccessfully tried to swat the gun out of

Yousef's hand. Yousef continued to hold the door open and point the gun at Wilson. The following conversation took place while Wilson was outside the door and Yousef was standing in the doorway:

> Yousef: *Get out of the store. Come on.*
> Wilson: *You better back the f\*\*\* up my n\*\*\*\*. You better back the f\*\*\* up.*
> Yousef: *Come on.*
> Wilson: *Put that b\*\*\*\* down boy.*
> Yousef: *Get out of the store.*
> Wilson: *Put that b\*\*\*\* down.*
> Yousef: *Get out of the store.*
> Wilson: *Put that b\*\*\*\* down.*

Wilson then rushed back into the store toward Yousef in an attempt to disarm him, and Yousef shot Wilson. Wilson fell to the floor and died the next day from two gunshot wounds to the head.

We continue in this paragraph with allegations pled by Appellant in the complaint. Yousef's uncle, Mahmoud Yousef, owns Green's Grocery. Mahmoud hired Yousef in April 2020 while Yousef was living in Charleston and unable to return home to Amman, Jordan, because of the COVID-19 pandemic. In July 2020, about two months prior to the Wilson shooting, Yousef was the victim of an armed robbery at the store. Yousef struggled after the incident; he "started acting weird," was "scared of everybody," and would wake up in the middle of the night to ensure all the doors in his house were locked. Yousef would not return to the store. Mahmoud took Yousef to a therapist, took him to the gun range to show him how to use a gun, and obtained a gun for the store. Mahmoud said that when he made Yousef return to work at the store, Yousef would jump every time a customer entered the store but eventually started acting normally. Mahmoud stated the Wilson shooting occurred after Yousef "got normal again."

Yousef was charged with murder. Judge R. Markley Dennis held an immunity hearing and ruled Yousef was entitled to immunity under the Act. Judge Dennis found:

> Yousef was not at fault in bringing on the difficulty, rather he was acting lawfully in his place of business when Wilson initially approached him. When Wilson (actually or pretending) to shoplift a charger, Yousef firmly but respectfully told Wilson "Don't play with me." Yousef, apparently believing that Wilson was disrupting his business, had the right to demand that Wilson leave. Wilson

immediately became belligerent. Wilson's continuous refusal to leave coupled with his aggressive actions, gave Yousef a legitimate reason to threaten the use of force. Wilson, after temporarily leaving, re-entered the store, displaying a clear intent to commit an Assault and Battery upon Yousef. When Wilson physically attacked Yousef, he placed Yousef in reasonable fear of imminent serious injury. Accordingly, Wilson's actions gave Yousef the statutory right to use lethal force.

The circuit court dismissed the murder charge, and the State did not appeal.

Appellant sued Respondents Green's Grocery and Mahmoud Yousef for negligence, gross negligence, wrongful death, survival, negligent supervision, and negligent entrustment.[1] Respondents moved to dismiss under Rule 12(b)(6), SCRCP, arguing the complaint failed to state facts sufficient to constitute a cause of action. Respondents pointed to Judge Dennis' ruling that Yousef was entitled to immunity because (1) Wilson was the aggressor and (2) Yousef acted reasonably and was justified in using deadly force. Without objection, the circuit court (Judge George M. McFaddin, Jr.) made Judge Dennis' order part of the record. Judge McFaddin concluded the immunity order established "Yousef was not at fault with respect to the shooting, that he had the right to demand that Wilson leave the store, that he had a legitimate reason to threaten the use of force, that he was placed in reasonable fear of imminent serious injury, and that he had the statutory right to use lethal force." Judge McFaddin ruled extension of immunity to Respondents was necessary to uphold the General Assembly's intent that law-abiding persons must be allowed to protect themselves from attackers without fear of criminal prosecution or civil action. Judge McFaddin also ruled Appellant had no actionable damages because Yousef's actions were found to be reasonable and not in breach of any duty.

Judge McFaddin denied Appellant's Rule 59(e), SCRCP, motion for reconsideration and Appellant appealed. We certified the appeal for review under Rule 204(b) of the South Carolina Appellate Court Rules.

## II.

"When reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court." *Doe v. Bishop of Charleston*, 407 S.C. 128, 134, 754 S.E.2d 494, 497 (2014) (citing *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007)). Dismissal is improper "[i]f the facts alleged and inferences reasonably deducible therefrom,

---

[1] Appellant also sued Yousef but later voluntarily dismissed all claims against him.

viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory . . . ." *Marion*, 373 S.C. at 395, 645 S.E.2d at 247 (first citing *Baird v. Charleston Cnty.*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999); and then citing *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602-03 (1995)). "[N]ovel questions of law should not ordinarily be resolved on a Rule 12(b)(6) motion." *Chestnut v. AVX Corp.*, 413 S.C. 224, 227, 776 S.E.2d 82, 84 (2015). "However, where the dispute is not as to the underlying facts but as to interpretation of the law, and development of the record will not aid in the resolution of the issues, it is proper to decide even novel issues on a motion to dismiss for failure to state a claim." *Evans v. State*, 344 S.C. 60, 68, 543 S.E.2d 547, 551 (2001) (citing *Brown v. Theos*, 338 S.C. 305, 313, 526 S.E.2d 232, 237 (Ct. App. 1999)).

Judge Dennis' immunity order in the murder case was "outside the pleadings" but was considered by Judge McFaddin without objection and is in the Record on Appeal. Under Rule 12(b)(6), SCRCP, when a motion is made to dismiss for failure of a pleading to state facts sufficient to constitute a cause of action but "matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." "Rule 56(c) . . . provides that the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) (quoting Rule 56(c), SCRCP). Dismissal in this case is especially appropriate under Rule 56(c).

## III.

In adopting the Act, the General Assembly codified the common law castle doctrine. "Under the Castle Doctrine, '[o]ne attacked, without fault on his part, on his own premises, has the right, in establishing his plea of self-defense, to claim immunity from the law of retreat, which ordinarily is an essential element of that defense.'" *State v. Jones*, 416 S.C. 283, 291, 786 S.E.2d 132, 136 (2016) (quoting *State v. Gordon*, 128 S.C. 422, 425, 122 S.E. 501, 502 (1924)). Section 16-11-450(A) of the Act provides immunity from criminal prosecution and civil action if a person is found to be justified in using deadly force. *State v. Curry*, 406 S.C. 364, 371, 752 S.E.2d 263, 266 (2013). "The General Assembly finds that no person or victim of crime should be required to surrender his personal safety to a criminal, nor should a person or victim be required to needlessly retreat in the face of intrusion or attack." S.C. Code Ann. 16-11-420(E). Section 16-11-440(C) of the Act extends the doctrine to a person's place of business:

A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself . . . .

S.C. Code Ann. § 16-11-440(C).

"The best evidence of legislative intent is the text of the statute." *Creswick v. Univ. of S.C.*, 434 S.C. 77, 82, 862 S.E.2d 706, 708 (2021) (first citing *Wade v. State*, 348 S.C. 255, 259, 559 S.E.2d 843, 844 (2002); and then citing *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)). "Provisions [of a statute] should be given a reasonable construction, consistent with the purpose and policy of the Act." *Jackson v. Charleston Cnty. Sch. Dist.*, 316 S.C. 177, 181, 447 S.E.2d 859, 861 (1994) (citing *Gardner v. Biggart*, 308 S.C. 331, 333, 417 S.E.2d 858, 859 (1992)). "The true guide to statutory construction is not the phraseology of an isolated section or provision, but the language of the statute as a whole considered in the light of its manifest purpose." *Id.* (quoting *Laurens Cnty. Sch. Dists. 55 & 56 v. Cox*, 308 S.C. 171, 174, 417 S.E.2d 560, 561 (1992)).

## IV.

### A.

The Act is silent with respect to immunity for third parties like Respondents. However, as we will discuss, extending immunity to Respondents in this case is entirely consistent with the intent of the General Assembly, which has pronounced the public policy that law-abiding citizens, including those in their places of business, should be permitted "to protect themselves, their families, and others from intruders and attackers without fear of prosecution or civil action . . . ." S.C. Code Ann. § 16-11-420(B).

### B.

Appellant's negligence and gross negligence claims against Respondents are partly rooted in Respondents' alleged vicarious liability for Yousef's actions. Appellant alleges in her complaint that Respondents are "liable for the actions and omissions of their employees and/or agents that gave rise to this action, including the actions of Yousef." All allegations against Respondents based on vicarious liability necessarily rely on the premises that Yousef acted unreasonably and that Wilson was not at fault. Neither premise is true, as outlined in Judge Dennis'

immunity order in the murder case against Yousef. Importantly, Appellant does not challenge Judge Dennis' grant of immunity to Yousef in the murder case, nor does Appellant dispute that Yousef is also immune from civil action. Two of the conclusions reached by Judge Dennis bear repeating: first, "Yousef was not at fault in bringing on the difficulty, [but] rather . . . act[ed] lawfully in his place of business when Wilson initially approached him," and second "[w]hen Wilson physically attacked Yousef, he placed Yousef in reasonable fear of imminent serious injury," thereby giving Yousef the right to use lethal force. Therefore, there was no underlying wrongful act on Yousef's part upon which Appellant can attach a vicarious liability claim.

We now turn to Appellant's negligent supervision and negligent entrustment claims, which Appellant contends are not rooted in vicarious liability. Appellant contends these two claims are not defeated by Yousef's immunity because they are based upon separate and independent duties of care owed by Respondents to store patrons. Appellant alleges Respondents (1) created a dangerous situation by arming Yousef at work with a machete and a firearm; (2) were acting unlawfully by employing a non-immigrant alien and giving him access to a firearm; (3) entrusted Yousef with a firearm despite his inexperience in handling one, when they knew or should have known Yousef did not have a concealed weapons permit and could not possess a firearm legally; (4) entrusted Yousef with a firearm when they knew or should have known he was "jumpy" and "scared of everyone"; and (5) failed to ensure Yousef was emotionally fit to handle a firearm.

Appellant relies on two cases involving section 15-78-60(20) of the South Carolina Tort Claims Act[2] (the TCA) to support her argument that despite Yousef's immunity, Respondents are liable for Wilson's death. *See Greenville Mem'l Auditorium v. Martin*, 301 S.C. 242, 391 S.E.2d 546 (1990); *Woodell by Allen v. Marion Sch. Dist. One*, 307 S.C. 297, 414 S.E.2d 794 (Ct. App. 1992). Under section 15-78-60(20) of the TCA (2005), a governmental entity is not liable for a loss resulting from "an act or omission of a person other than an employee including but not limited to the criminal actions of third persons." In *Woodell* and *Greenville Memorial*, the defendant governmental entities were held not to be immune from liability under section 15-78-60(20), because the plaintiffs' claims against the entities were not based on the third parties' criminal actions but were instead based on the entities' independent negligence. *See Greenville Mem'l*, 301 S.C. at 246-47, 391 S.E.2d at 548-49; *Woodell*, 307 S.C. at 298, 414 S.E.2d at 794. In *Woodell*, the court of appeals held the plaintiff's claim was not based on the alleged criminal actions of

---

[2] *See* S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2025).

a student but rather "on the school district's alleged gross negligence in supervising Woodell and the student who allegedly attacked Woodell." 307 S.C. at 298, 414 S.E.2d at 794. In *Greenville Memorial*, we held the entity operating an auditorium was not immune from liability after an unknown third party threw a glass bottle from the auditorium balcony and injured Plaintiff, because the complaint alleged the auditorium and its employees inadequately secured and maintained the premises during the concert and created a reasonably foreseeable risk of such third party conduct. 301 S.C. at 246-47, 391 S.E.2d at 548-49.

Citing *Woodell* and *Greenville Memorial*, Appellant argues she is not attempting to hold Respondents liable for Yousef's shooting of Wilson. Instead, Appellant argues Respondents are liable for their own negligence and gross negligence in their supervision of Yousef and their entrustment of weapons to him. *Woodell* and *Greenville Memorial* are distinguishable from this case. In both cases, the courts held the governmental entities' actions created a foreseeable risk of a third party's criminal conduct. Here, the third party under Appellant's theory would be Yousef. However, as Judge Dennis ruled in the unchallenged immunity order, Yousef's conduct was not criminal—nor was it wrongful in any respect. Thus, unlike in *Woodell* and *Greenville Memorial*, there was no underlying wrongful conduct of Yousef to which any independent negligent acts of Respondents could possibly relate. This case, at its core, rises and falls with the justification for the shooting. Because the shooting was justified as a matter of law, there is no possible causal link between Appellant's damages and any independent allegations of negligence of Respondents.

## V.

Extending immunity to Respondents in this case is a logical extension of the Act consistent with legislative intent and the public policy pronounced by the General Assembly. Therefore, we affirm the circuit court's dismissal of Appellant's complaint.

**AFFIRMED.**

**KITTREDGE, C.J., HILL, VERDIN, JJ., and Acting Justice Eugene C. Griffith, Jr., concur.**