## 16118

### STATE v. JOHNSON
(49 S. E. (2d) 6)

*Messrs. W. T. McGowan,* of Timmonsville, and *Mc-Donald & McGowan,* of Florence, for Appellant,

*Mr. Sidney S. Tison, Solicitor,* of Bennettsville, for Re-pondent.

August 5, 1948.

PER CURIAM.

At the February (1947) term of the General Sessions Court for Chesterfield County, the appellant, in his absence, was tried and convicted of the charge of assault and battery with intent to kill. Whereupon, the trial Judge, according to custom, filed with the Clerk of the Court a sealed sentence, and issued a Bench Warrant for the arrest of the appellant.

Immediately upon his arrest, which was within a few days thereafter (less than ten), the appellant, through his counsel who had theretofore been employed to represent him in this case, and who had represented him at his preliminary hearing before the Magistrate who had issued the warrant for him when he was first charged with this offense, served notice on the Solicitor of the Judicial Circuit in which Chesterfield County is situate, that he would move before the trial Judge, who was then presiding at a term of a like court for Marlboro County; in the same Circuit, for an order setting aside the conviction and sentence, based on affidavits attached to the notice. This motion was noticed to be heard within ten days of the appellant's conviction and sentence, but was apparently not argued until a much later date (probably by agreement), at which time or following, the trial Judge refused the motion, and hence this appeal.

Appellant states the "Questions Involved" to be:

"1. Was there error in submitting the case to the jury when there was no competent testimony to identify the appellant as the Negro who cut the prosecuting witness?

"2. Was there error on the part of the trial Judge in failing to charge upon all material issues raised by the evidence, especially since appellant was being tried in his absence?

"3. Was there error in refusing appellant's motion for a new trial?

"4. Was there error in the order which settled this case for appeal?"

It will serve no useful purpose to herein set out the contents of the affidavits supporting the motion to set aside the conviction and sentence of the appellant and grant him a new trial, although in passing upon Questions 1 and 2, we will refer to statements in *his* affidavit used on that occasion. The granting of this motion was in the discretion of the trial Judge, and unless he has committed an abuse of this discretion, as a matter of law, we are powerless to interfere. While as above stated, we are not herein setting out the contents of the supporting affidavits, we have read them with care, and, we might add, with sympathetic understanding of the failure of appellant's counsel to notify him to appear for trial at the February (1947) term of the Court of General Sessions for Chesterfield County. The appearance bond of the appellant was for him to appear on the 11th day of November, 1946, to answer to a bill of indictment, but his appearance at that time when an indictment was not at that term of Court even handed to the Grand Jury, did not release him from the duty of attending future terms of the Court, until and unless there has been a final disposition of the charge against him. This is one of the purposes of the "General Order" signed by the presiding Judge at the conclusion of terms of Courts of General Sessions held throughout the State, and of which we necessarily take judicial notice. If a defendant who is recognized to appear at the next ensuing term of Court was under no further duty to appear after the first term of Court if fortuitously his case was not reached at such first term, a chaotic condition of the enforcement of the criminal laws would forthwith result as respects a great number of cases. No notice to defendants or their counsel is necessary but it is their duty to attend all terms of Court in which they are interested, they having statutory notice of the time of the holding of such Courts.

The order of the trial Judge refusing a new trial, went far afield of the record in the statement of the facts, but on the record, we cannot say as a matter of law that he committed an abuse of discretion.

The appellant complains that there was no competent testimony identifying him as the assailant of the prosecuting witness.

As so often occurs, when a defendant is being tried in his absence (and also when without benefit of counsel), prosecuting attorneys are not as careful as otherwise they would be in presenting the State's case, but we have reached the conclusion that the testimony sufficiently identified this defendant (appellant) as the one who so seriously cut the prosecuting witness requiring the case against him to be submitted to the jury. The testimony is that the man who was knocked down by the prosecuting witness was the one who did the cutting, and there seems to be no dispute that the appellant was knocked down immediately prior thereto. In fact, in the affidavit of the appellant on his motion for a new trial, he admits that he was knocked down at the filling station where the assault and battery occurred, but claims that he took no action on account thereof, and left at once after regaining his feet.

Under appellant's Question 2, it is argued that the conviction and sentence imposed should be set aside and a new trial ordered because: (1) The trial Judge failed to tell the jury in his charge "that the absence of the defendant should in no way be construed as an admission of his guilt and that no unfavorable influence should result from the absence of the defendant and his failure to testify." (2) That a reading of the trial Judge's charge to the jury will "show that the Court assumed the identity of the defendant with the person who had cut the prosecuting witness." (3) That the trial Judge in charging the jury that it was incumbent on the State to prove its case beyond a reasonable doubt, and that the defendant was entitled to the benefit of every reasonable doubt, failed to explain to the jury what was meant by reasonable doubt, and that he further failed to charge that the defendant was presumed to be innocent until otherwise proven. (4) That the trial Judge did not charge the law of self-defense.

We know of no authority for the proposition that it is mandatory that the trial Judge should instruct a jury engaged in the trial of a defendant in his absence that such absence should in no way be construed as an admission of such defendant's guilt, and no authority to this effect has been cited. Indeed, the jury will be presumed to know that if the absence of a defendant could be an admission of his guilt, a trial would be unnecessary. The defendant couldn't testify if not present, and therefore it was unnecessary for the trial Judge to charge the jury that no unfavorable inference should be drawn from his failure to do so.

In charging what constituted an assault and battery with intent to kill (the crime of which the defendant was convicted), the trial Judge after so doing, stated: "Has the State proven beyond a reasonable doubt that *this* defendant * * * assaulted the prosecuting witness?" (Emphasis added.) We do not think the jury could have possibly gained the impression that the trial Judge was assuming that the appellant was the one who cut the prosecuting witness, especially when at or near the conclusion of his charge, he stated to the jury, "You are the judges of all the facts, * * *"

The phrase "beyond a reasonable doubt" without an explanation of its legal significance is much more favorable to a defendant, than where amplified by such explanation. Therefore, the appellant has no basis for complaint. Appellant is mistaken in stating that the trial Judge failed to charge the jury that the defendant was presumed to be innocent until otherwise proven.

It is unnecessary that we pass upon whether under the testimony the trial Judge should have instructed the jury on the law of self-defense. This has been made so by the affidavit of the appellant used on his motion for a new trial, wherein he denies that he was the one who wielded the knife that so severely wounded and maimed the prosecuting witness.

We have considered the whole record in this appeal just as though the proposed case for appeal had been settled favorably to the appellant. Therefore, Question 4 goes out.

.From a careful reading of the record in this case, which includes the affidavit of the appellant, had he been present and testified in accord therewith, we do not see how it could have made any change in the verdict of the jury. The appellant was the one who was knocked down by the prosecuting witness. All witnesses identified him as the one who immediately thereafter wielded the knife that inflicted the severe wound on the prosecuting witness, and he was the only person at the scene who would have had any desire to harm said witness, so far as the record discloses.

Since the leading counsel for the appellant appears to feel that his failure to be at the term of the Court at which the appellant was tried and convicted in his absence, adversely affected the appellant, it is our hope that the State will not undertake to estreat the appearance bond of the appellant, but will be content with his conviction.

All exceptions are overruled.