23653

Larry GARDNER, Respondent v. Karen B. BIGGART and South Carolina Department of Education, of which South Carolina Department of Education is, Appellant.

(417 S.E. (2d) 858)

Supreme Court

*Kenneth L. Childs, David E. Dubberly* and *Geoffrey R. Bonham,* all of *Childs & Duff, P.A.,* Columbia, *for appellant.*

*Henry Hammer, Howard Hammer* and *John W. Carrigg, Jr.,* all of *Hammer and Hammer,* Columbia, *for respondent.*

Heard April 8, 1992.

Decided May 11, 1992.

CHANDLER, Justice:

The South Carolina State Department of Education (Department) appeals an Order holding that the gross negligence

standard of the South Carolina Tort Claims Act[1] is inapplicable to this case.

We affirm.

## FACTS

Respondent Larry Gardner (Gardner), while being transported home by a school bus, injured his knee when the bus suddenly "lurched forward." He instituted this action alleging the bus driver's negligence in causing the lurching.[2] At the close of evidence, Department moved for directed verdict contending that, under the Tort Claims Act, it was liable only for gross negligence. The motion was denied.

When the jury returned a $7,000 verdict against Department, its motion for judgment notwithstanding the verdict (JNOV) was denied. However, Circuit Court noted that, should it be determined that the gross negligence standard governs, Department would be entitled to JNOV.

## ISSUE

The sole issue is which standard of negligence, *simple* or *gross*, governs liability for public school bus accidents.

## DISCUSSION

Responding to this Court's opinion in *McCall v. Batson*, 285 S.C. 243, 329 S.E. (2d) 741 (1985), the General Assembly enacted the South Carolina Tort Claims Act (Act). Section 15-78-40 of the Act provides:

> The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained herein.

Thirty-one exceptions to the State's waiver of immunity are set forth in § 15-78-60. Of those exemptions, subsection (25) provides that the governmental entity is not liable for loss resulting from:

---

[1] S.C. Code Ann. § 15-78-10 *et seq.* (Cum. Supp. 1991).

[2] The evidence is disputed as to whether the sudden movement was caused by the bus driver, or by a car bumping the bus from behind.

responsibility or duty *including but not limited to* supervision, protection, control, confinement or custody of any student, patient, prisoner, inmate or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner.

S.C. Code Ann. § 15-78-60(25) (Cum. Supp. 1991). (Emphasis supplied.)

Department contends that the phrase "including but not limited to," indicates legislative intent to exempt it from liability for school bus accidents, absent gross negligence. We disagree.

Department correctly observes that § 15-78-20(f) requires the Act be liberally construed in favor of limiting the State's liability. However, the cardinal rule of statutory construction is that the legislative intent must prevail. *Truesdale v. South Carolina Hwy. Dept.*, 264 S.C. 221, 213 S.E. (2d) 740 (1975). "A statutory provision should be given a reasonable and practical construction consistent with the purpose and policy expressed in the statute." *Hay v. South Carolina Tax Commission*, 273 S.C. 269, 273, 255 S.E. (2d) 837, 840 (1979). This Court will not construe a statute in derogation of sovereign immunity liberally in favor of the State when, to do so, negates the legislative intent. *Cf. Truesdale, supra.*

Section 15-78-60(25) limits liability of the Department for its duties relating to supervision, protection, control, confinement and custody of students. Nothing in the statute imports a legislative intent to exempt Department from liability for negligence of a school bus driver in operating the vehicle.

"[W]hen words of general import are followed by words of particular or restricted import relating to the same subject matter, the latter will operate to limit or restrict the former." *Johnson, et al, v. Pratt, et al*, 200 S.C. 315, 335, 20 S.E. (2d) 865, 873 (1941). This rule is based upon the premise that "if the legislature had intended the general words to be used in their unrestricted sense, there would have been no mention of the particular class." *State v. Patterson*, 261, S.C. 362, 365, 200 S.E. (2d) 68, 69 (1973).

Clearly, to accept Department's contention and view § 15-78-60(25) in an "unrestricted sense" would absolve schools, state hospitals, and prisons from liability for virtually *all* acts

relating to students, patients, prisoners, etc., absent gross negligence. Such an interpretation of the statute is contrary to the purpose and policy of the Tort Claims Act, which abrogates sovereign immunity.

Moreover, by 1977 Act No. 215 § 3, the General Assembly expressly waived sovereign immunity of the State for bus transportation of students up to the limits of liability insurance coverage specified therein. *See* S.C.Code Ann. § 59-67-765 (1990). Accordingly, the State has been liable for bus accidents upon a showing of simple negligence since 1977. Had the legislature so intended, it could have articulated, in clear, unambiguous language, a modification of this provision.

Department relies upon this Court's recent opinion in *Richardson v. Hambright*, 296 S.C. 504, 374 S.E. (2d) 296 (1988), in which a gross negligence standard was held applicable. Its reliance is misplaced.

*Richardson* involved the school district's exercise of its supervision, control and protection of students. There, the conduct complained of was school district's failure to conduct random ID checks to enforce its policy requiring parental permission for students to be transported in private vehicles. Clearly, this was a supervisory responsibility to which the gross negligence standard was correctly applied.

Here, the school bus driver was not *exercising any duty* involving supervision, custody, control or protection at the time of the accident. The mere fact that Gardner was in "custody" of the driver as a passenger on the bus is insufficient.

Under the facts of this case, the applicable standard is that of simple negligence.

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.