24096

The STATE, Respondent v. Michael E. JOHNSON, Appellant.

(445 S.E. (2d) 637)

Supreme Court

*Chief Atty. Daniel T. Stacey, South Carolina Office of Appellate Defense*, Columbia, *for appellant*.

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr., Asst. Atty. Gen. Miller W. Shealy, Jr.*, and *Sol. Richard A. Harpootlian*, Columbia, *for respondent*.

Heard May 18, 1994.

Decided June 13, 1994.

HARWELL, Chief Justice:

Michael E. Johnson (Johnson) argues that the trial judge erred in denying his request to charge the jury with a definition of reasonable doubt. We disagree and affirm.

## I. *Facts*

Johnson was indicted for assault with intent to commit second-degree criminal sexual conduct and contributing to the delinquency of a minor. At trial, Johnson asked the judge to instruct the jury as to the meaning of "reasonable doubt." The judge refused. Thereafter, the jury found Johnson guilty on both charges. Johnson appealed.

## II. *Discussion*

Johnson contends that the trial judge erred in denying his request to define reasonable doubt. Johnson argues the judge should have given a charge on reasonable doubt in accordance with *State v. Manning*, 305 S.C. 413, 409

S.E. (2d) 372 (1991), *cert. denied* — U.S. —, 112 S.Ct. 1282, 117 L.Ed. (2d) 507 (1992). We find no error.

In *Manning,* we *suggested* that the trial bench give *no further definition* of reasonable doubt than that "a reasonable doubt is the kind of doubt that would cause a reasonable person to hesitate to act." *Id.* We did not, however, mandate this charge. Moreover, in *State v. Johnson,* we noted that the phrase "beyond a reasonable doubt" without an explanation of its legal significance is much more favorable to a defendant than when amplified by an explanation and held that the court's failure to define reasonable doubt was not error. 213 S.C. 241, 246, 49 S.E. (2d) 6, 8 (1948), *overruled on other grounds, State v. Jackson,* 301 S.C. 49, 389 S.E. (2d) 654 (1990). Accordingly, the trial judge did not err in refusing Johnson's request to charge the jury with a definition of "reasonable doubt." *See State v. McMahon,* 158 Vt. 640, 603 A. (2d) 1128 (1992) (court did not err in declining to offer a definition of "reasonable doubt").

Johnson next alleges that the trial judge's instruction on circumstantial evidence violates due process. However, Johnson did not object to the jury charge. Therefore, this issue has not been preserved for appeal. *State v. Williams,* 266 S.C. 325, 223 S.E. (2d) 38 (1976).[1]

For the foregoing reasons, Johnson's convictions are

Affirmed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.

---

[1] Moreover, we have reviewed the charge and find this issue meritless. When the charge is read as a whole, it contains the correct definition and adequately covers the law. *State v. Hoffman,* — S.C. —, 440 S.E. (2d) 869 (1994) (a jury charge which is substantially correct and covers the law does not require reversal).