567 S.E.2d 510

**James STEWART, Appellant,**

v.

**RICHLAND MEMORIAL HOSPITAL, Respondent.**

**No. 3509.**

Court of Appeals of South Carolina.

Heard May 7, 2002.
Decided June 3, 2002.
Rehearing Denied Aug. 22, 2002.

590

Arthur K. Aiken, of Hammer, Hammer, Carrigg & Potterfield; and Charles L. Henshaw, Jr., of Furr & Henshaw, both of Columbia, for appellant.

Charles E. Carpenter and S. Elizabeth Brosnan, of Richardson, Plowden, Carpenter & Robinson, of Columbia, for respondent.

STILWELL, J.

James Stewart brought this negligence action against Richland Memorial Hospital (RMH) alleging the nurse on duty breached the professional standard of care by removing his restraints and failing to monitor him, thereby providing substandard care. Stewart appeals the jury verdict for RMH, asserting the trial court erred in ruling that Stewart had to prove gross negligence in order to prevail and therefore improperly charged the jury. We affirm.

## FACTS

While Stewart was in the hospital recovering from surgery, a respiratory therapist went to his room to administer a breathing treatment at approximately 12:15 a.m. Stewart was uncooperative and wanted to get out of bed. As a result of his combative and agitated behavior, the nurse who was assigned to care for Stewart that night placed him in four point restraints. At 12:30 a.m., the nurse contacted Stewart's doctor, who ordered medication changes and instructed her to continue the restraints. At 1:45 a.m., the nurse noted Stewart was resting quietly and she continued to monitor him. At 2:45 a.m., she noted Stewart was alert and responsive and released him from the restraints. At some point between 6:00 a.m. and 7:00 a.m., Stewart fell from his bed and was discovered on the floor of his room around 7:00 a.m.

Later that day, Stewart's doctor ordered an x-ray of his knee and hip, which did not indicate any fractures or dislocation. Over a month later, Stewart was diagnosed with a left hip fracture. His expert testified that his hip fracture was likely caused by his fall at RMH. The trial judge ruled that section 15–78–60(25) provided RMH with immunity unless gross negligence was proven, and accordingly charged the jury that Stewart had to prove RMH was grossly negligent in breaching the professional nursing standard of care.

## LAW/ANALYSIS

### I. Application of Tort Claims Act

Stewart argues the trial court erred in charging the jury that the gross negligence standard under section 15–78–60(25) of the South Carolina Tort Claims Act applied. Stewart contends this exception to sovereign immunity does not apply because the nurse had a duty to render services consistent with the professional standard of care and was not exercising a duty involving only supervision, custody, control, or protection. We disagree.

The Tort Claims Act provides that the State, its agencies, political subdivisions, and other governmental entities "are liable for their torts in the same manner and to the same extent as a private individual under like circumstances," sub-

ject to certain limitations and exemptions within the Act. S.C.Code Ann. § 15–78–40 (Supp.2001). Section 15–78–60 sets out exceptions to this waiver of sovereign immunity, which act as limitations on the liability of a governmental entity. S.C.Code Ann. § 15–78–60 (Supp.2001). Section 15–78–60(25) provides that a governmental entity is not liable for a loss resulting from the "responsibility or duty including but not limited to *supervision, protection, control, confinement,* or custody of any student, *patient,* prisoner, inmate, or client of any governmental entity, *except when the responsibility or duty is exercised in a grossly negligent manner.*" S.C.Code Ann. § 15–78–60(25) (Supp.2001) (emphasis added).

■■■ "The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible." *Strother v. Lexington County Recreation Comm'n,* 332 S.C. 54, 62, 504 S.E.2d 117, 121 (1998). "If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning." *Paschal v. State Election Comm'n,* 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995).

■■■ Section 15–78–60(25) specifically limits government liability regarding the supervision, protection, and control of a patient. Stewart's complaint alleges that the nurse violated the applicable standard of care by not properly *restraining* Stewart and failing to adequately *supervise* him while he was under her care at RMH. Clearly, RMH was exercising a duty involving the supervision and control of Stewart when he fell out of his hospital bed. Because the pleadings place the case squarely within the statutory language, the standard of care was properly a question of law for the judge rather than a question of fact for the jury. "[T]he issue of interpretation of the statute is a question of law for the court." *Gorman v. S.C. Reinsurance Facility,* 333 S.C. 696, 699, 511 S.E.2d 98, 100 (Ct.App.1999). Therefore, the judge correctly charged the jury under the gross negligence standard.

Both below and on appeal, Stewart urges that whether a hospital is a private or governmental entity should not produce such a disparity in medical malpractice cases, especially with the prevalence of public hospitals which would then be

subject to a lesser standard of care. Stewart cites *Gardner v. Biggart* for the proposition that where an independent professional standard of care applies, section 15–78–60(25) should be construed narrowly to apply only to policies and procedures, lest an unrestricted interpretation swallow all claims and absolve such entities of any liability. *Gardner v. Biggart*, 308 S.C. 331, 333–34, 417 S.E.2d 858, 859–60 (1992). The plain language of the statute contains no such limitation, and we find *Gardner's* holding clearly distinguishable from the present facts. Gardner injured his knee when the school bus on which he was riding lurched forward. Our supreme court distinguished an earlier case, *Richardson*, which applied the gross negligence standard to the school's supervision, control, and protection of students in failing to conduct random ID checks. *Gardner* at 334, 417 S.E.2d at 860; *Richardson v. Hambright*, 296 S.C. 504, 374 S.E.2d 296 (1988). The supreme court set forth the lynchpin for distinguishing when the higher standard will apply.

> Here, the school bus driver was not *exercising any duty* involving supervision, custody, control or protection at the time of the accident. The mere fact that Gardner was in "custody" of the driver as a passenger on the bus is insufficient.

*Gardner* at 334, 417 S.E.2d at 860 (emphasis in original). Here, the nurse was alleged to have improperly supervised, protected, controlled, or confined Stewart, bringing this case squarely within the terms of the statute. Contrary to Stewart's claims, this does not absolve the hospital of all liability for any acts, only those coming within the terms of the statute.

 Section 15–78–70 (b) & (c) specifically states the liability of licensed physicians and dentists is not affected by the South Carolina Tort Claims Act. The omission of any reference to a licensed nurse's standard of care indicates that their liability is affected and, in this case, determined by the South Carolina Tort Claims Act. " ' "The enumeration of exclusions from the operation of a statute indicates that the statute should apply to all cases not specifically excluded. Exceptions strengthen the force of the general law and enumeration weakens it as to things not expressed." ' " *Riverwoods, LLC v. County of Charleston*, 349 S.C. 378, 384, 563 S.E.2d 651, 655

(2002) (quoting *Hodges v. Rainey,* 341 S.C. 79, 87, 533 S.E.2d 578, 582 (2000)).

## II. Burden of Proof

■ Stewart also argues the trial court erred in failing to instruct the jury that RMH bore the burden of proving it did not exercise its duty to protect Stewart in a grossly negligent manner. We disagree.

■ In a negligence action, the plaintiff must establish a duty of care, breach, and resulting damages. *Arthurs ex rel. Munn v. Aiken,* 346 S.C. 97, 103, 551 S.E.2d 579, 582 (2001). As such, a plaintiff in a negligence cause of action must prove all elements of that action, including the standard of care. Although a governmental entity has the initial "burden of establishing a limitation upon liability or an exception to the waiver of immunity" applies, the plaintiff must still prove that the governmental entity has waived immunity. *Niver v. S.C. Dep't of Highways & Pub. Transp.,* 302 S.C. 461, 463, 395 S.E.2d 728, 730 (Ct.App.1990). Thus, it was RMH's burden to establish that the limitation on liability applied, and Stewart's burden to establish that RMH exercised its responsibilities or duties in a grossly negligent manner. Therefore, once RMH prevailed in asserting its affirmative defense, the judge correctly charged the jury that the burden of proving gross negligence remained on the plaintiff.

## III. Strict Liability Charge

Lastly, Stewart argues the trial court erred in failing to instruct the jury that RMH had a duty to protect Stewart as a matter of law. We disagree.

■ When reviewing a jury charge for alleged error, an appellate court must consider the "charge as a whole in light of the evidence and issues presented at trial." *Keaton ex rel. Foster v. Greenville Hosp. Sys.,* 334 S.C. 488, 497, 514 S.E.2d 570, 575 (1999). "A jury charge is correct if '[w]hen the charge is read as a whole, it contains the correct definition and adequately covers the law.' " *Id.* at 496, 514 S.E.2d at 574 (quoting *State v. Johnson,* 315 S.C. 485, 487 n. 1, 445 S.E.2d 637, 638 n. 1 (1994)). A jury charge which is substantially correct and covers the law does not require reversal. *Id.* at

496–98, 514 S.E.2d at 575. The judge correctly and substantially charged the professional nursing standard of care as well as charging plaintiff's burden to prove gross negligence by defendant under the South Carolina Tort Claims Act in breach of that standard. The trial court's instructions to the jury adequately conveyed to the jury RMH's duty to protect Stewart.

**AFFIRMED.**

CURETON and SHULER, JJ., concur.