THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
City of Myrtle Beach,       
Appellant,
 
 
 

v.

 
 
 
South Carolina Dept. of Transportation, and
Topp, Inc. d/b/a Mr. Sub,        Respondents.
 
 
 

Appeal From Horry County
 J. Stanton Cross, Jr., Master-in-Equity

Unpublished Opinion No. 2004-UP-029
Heard November 6, 2003  Filed January 
 16, 2004

AFFIRMED

 
 
 
Charles B. Jordan, Jr., of Myrtle Beach, for Appellant.
Howell V. Bellamy, Jr. and Rob Shelton, both of Myrtle Beach; 
 John B. McCutcheon, Jr., Mary Ruth Baxter and Arrigo P. Carotti, all of Conway; 
 for Respondents.
 
 
 

PER CURIAM:  In this declaratory judgment 
 action, the master-in-equity ruled the South Carolina Department of Transportation 
 (SCDOT) was authorized by S.C. Code Ann. § 57-25-190(E) (Supp. 2002) of the 
 Highway Advertising Control Act to relocate a non-conforming sign owned by Topp, 
 Inc, d/b/a Mr. Sub, (Mr. Sub), which absent the statute would lose its grandfathered 
 status under the City of Myrtle Beachs zoning ordinances upon relocation.  The 
 City appeals, arguing SCDOT failed to fully comply with section 57-25-190(E).  
 We affirm.  
FACTS
Mr. Sub is a restaurant located where 
 Broadway and U.S. Highway 17 intersect, in the vicinity of 10th Avenue 
 North in Myrtle Beach.  Mr. Sub constructed a freestanding on-site outdoor advertising 
 sign prior to the City passing an ordinance governing the size and placement 
 of outdoor advertising signs.  Mr. Subs sign became a grandfathered nonconforming 
 use because its height and area are greater than the ordinance allows.  According 
 to the ordinance, if the sign is relocated, it loses its grandfathered status.  

As part of a highway improvement project to widen 
 and realign 10th Avenue North, SCDOT condemned the portion of Mr. 
 Subs property that contained the sign and proposed to move the sign.  The City 
 filed a declaratory judgment action seeking a ruling that SCDOT did not have 
 the authority to move the sign.  It asserted the sign would lose its grandfathered 
 status if moved and SCDOT did not have the authority to violate the Citys zoning 
 ordinances.  It also sought an injunction prohibiting SCDOT from relocating 
 the sign.  SCDOT answered asserting it had statutory authority to relocate the 
 sign notwithstanding the Citys ordinance.  It asked the City be enjoined from 
 interfering with its relocation of the sign.  The circuit court granted SCDOTs 
 motion enjoining the City from enforcing its ordinances and referred the case 
 to the master-in-equity.  SCDOT relocated the sign eight feet back from its 
 original location.  
After a hearing on the merits, the master 
 found that the Highway Advertising Control Act provides SCDOT with express authority 
 to relocate applicable signs, such as the Mr. Sub sign, regardless of any municipal 
 ordinance to the contrary.  He held SCDOT fully complied with section 57-25-190(E) 
 in its relocation of the sign.  Accordingly, he enjoined the City from interfering 
 with SCDOTs relocation of the sign.  In response to the Citys motion to alter 
 or amend, the master amended his order to state, SCDOTs relocation of the 
 sign is in violation of the Citys zoning/sign ordinance.  He denied the remainder 
 of the motion. [1]   The City appealed.  
STANDARD OF REVIEW
When an appeal involves stipulated or 
 undisputed facts, an appellate court is free to review whether the trial court 
 properly applied the law to those facts.  WDW Props. v. City of Sumter, 
 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000).  A dispute regarding the interpretation 
 of a statute is a matter of law for the court.  Stewart v. Richland Meml 
 Hosp., 350 S.C. 589, 593, 567 S.E.2d 510, 512 (Ct. App. 2002).  
LAW/ANALYSIS
The City argues the master erred in finding 
 S.C. Code Ann. 57-25-190(E) (Supp. 2002) gave SCDOT authority to move Mr. Subs 
 nonconforming sign.  We disagree.  
As part of the Highway Advertising Control Act, 
 S.C. Code Ann. § 57-25-110 et seq. (1991 & Supp. 2002) the general 
 assembly enacted section 57-25-190(E), which provides:

Notwithstanding a county or municipal zoning plan, ordinance, 
 or resolution, outdoor advertising signs conforming to [the Highway Advertising 
 Control Act] affected by state highway projects may be relocated . . . to a 
 position which is perpendicular to the right of way of the original sign site, 
 or may be altered so that no portion of the sign overhangs the right of way.

The cardinal rule of statutory construction is 
 to ascertain and effectuate the intent of the legislature.  Mid-State Auto 
 Auction of Lexington, Inc. v. Altman, 324 S.C. 65, 69, 476 S.E.2d 690, 692 
 (1996).  The words of a statute must be given their plain and ordinary meaning 
 without resort to subtle or forced construction to limit or expand its operation.  
 Hitachi Data Sys. Corp. v. Leatherman, 309 S.C. 174, 178, 420 S.E.2d 
 843, 846 (1992).   The language of the statute must also be read in a sense 
 which harmonizes with its subject matter and accords with its general purpose.  
 Id.  Statutes, as a whole, must receive practical, reasonable, and fair 
 interpretation, consonant with the purpose, design, and policy of lawmakers.  
 TNS Mills, Inc. v. South Carolina Dept of Revenue, 331 S.C. 611, 624, 
 503 S.E.2d 471, 478 (1998).  Furthermore, [t]he construction of a statute by 
 the agency charged with its administration will be accorded the most respectful 
 consideration and will not be overruled absent compelling reasons. Dunton 
 v. South Carolina Bd. of Examiners in Optometry, 291 S.C. 221, 223, 353 
 S.E.2d 132, 133 (1987).  
The first subsections of S.C. Code Ann. 57-25-190 (Supp. 
 2002) concern the requirement that SCDOT provide landowners with compensation 
 for the removal of outdoor advertising signs.  Subsection (E) provides a mechanism 
 for SCDOT to avoid paying compensation by relocating the sign, even when the 
 relocation would violate local ordinances.  Section 57-25-190(E) clearly contemplates 
 allowing the movement of a sign when SCDOT commences road projects that require 
 its removal.  
The City argues SCDOT was not in strict compliance 
 with the statute and therefore it could not relocate the sign in violation of 
 the Citys ordinances.  It asserts that under its interpretation of the statute, 
 the line formed by connecting the two points represented by the original sign 
 site and the relocated position must be perpendicular to the right of way.  
 We find this strained interpretation does not comport with the purpose of the 
 statute. 
Rather, we agree with SCDOT engineer, 
 Michael Dennis, who testified he considers the face of the sign in determining 
 whether the sign is perpendicular.  The trial courts interpretation of the 
 statute also focused on the location of the face of the sign.  Relocating the 
 sign where the signs face is perpendicular to same right of way of its original 
 site enables the same traffic to view the sign.  Thus, the owner of the sign 
 receives the same benefit as it did from the signs original location, eliminating 
 the need for SCDOT to provide the owner with compensation.  
Dennis testified that before the relocation, 
 the Mr. Sub signs face was perpendicular to Highway 17.  After the relocation, 
 the signs face was still perpendicular to Highway 17.  We agree with the trial 
 court that SCDOT fully complied with all statutory provisions concerning the 
 relocation of the Mr. Sub sign.  Thus, SCDOT has the right and authority to 
 relocate the Mr. Sub sign to its present location.  
AFFIRMED. 2
GOOLSBY, HUFF, and BEATTY, JJ., concur.

 
 [1]   The master also denied Mr. Subs request for 
 attorneys fees.  

 
 
 [2]    In its Respondents brief, Mr. Sub states that its motion for reconsideration 
 of its petitions for fees and costs has been stayed pending this appeal.  
 Mr. Sub then argues fees and costs are warranted under the circumstances and 
 continue to accrue during this appeal.  We do not address this contention 
 as it is not properly before this court.