**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

William McFarland and Jennifer McFarland, Appellants,

v.

Mansour Rashtchian and Amy Rashtchian, Respondents.

Appellate Case No. 2015-000058

———————

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-067
Submitted December 1, 2016 – Filed February 1, 2017

———————

**AFFIRMED**

———————

Stephen Lynwood Brown and Russell Grainger Hines,
both of Young Clement Rivers, of Charleston, for
Appellants.

David Cooper Cleveland and Michael Lawrence Leech,
both of Clawson & Staubes, LLC, of Charleston, for
Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *Cole v. Raut*, 378 S.C. 398, 404, 663 S.E.2d 30, 33 (2008) ("An
appellate court will not reverse the trial court's decision regarding jury instructions

unless the trial court committed an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or is not supported by the evidence."); *Keaton ex rel. Foster v. Greenville Hosp. Sys.*, 334 S.C. 488, 497, 514 S.E.2d 570, 575 (1999) (providing an appellate court reviewing a jury charge "must consider the court's jury charge as a whole in light of the evidence and issues presented at trial. If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error." (quoting *Bragg v. Hi-Ranger, Inc.,* 319 S.C. 531, 547, 462 S.E.2d 321, 330 (Ct. App. 1995))); *id.* at 495-96, 514 S.E.2d at 574 ("A jury charge is correct if '[w]hen the charge is read as a whole, it contains the correct definition and adequately covers the law.'" (alteration by *Keaton*) (quoting *State v. Johnson*, 315 S.C. 485, 487 n.1, 445 S.E.2d 637, 638 n.1 (1994))); *id.* at 496, 514 S.E.2d at 574 ("The substance of the law is what must be instructed to the jury, not any particular verbiage." (quoting *State v. Smith*, 315 S.C. 547, 554, 446 S.E.2d 411, 415 (1994)); *Cartwright v. Herald Publ'g Co.*, 220 S.C. 492, 498, 68 S.E.2d 415, 417 (1951) ("Statements made in an honest endeavor to vindicate one's character or to protect one's interests are usually regarded as qualifiedly privileged, even though they are false, if they are made in good faith and without malice. Thus, it seems to be definitely settled that when one person assails another in the public press, the latter is entitled to make reply therein, and so long as the reply does not exceed the occasion, he cannot be held responsible for any resultant injury. . . . On the other hand, however, it is clear that a defensive communication will lose its privileged character if the person making it goes beyond the scope of the original attack or indulges in language that is unnecessarily defamatory." (quoting 33 Am. Jur. *Libel and Slander* § 134)).

**AFFIRMED.**[1]

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.