**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Genesie Fulton, individually and as Next Friend for Bryson F., a minor, Appellant,

v.

L. William Goldstein, M.D., individually and d/b/a L. William Goldstein OB-GYN, Respondents.

Appellate Case No. 2015-001237

———————

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

———————

Opinion No. 2017-UP-265
Heard June 5, 2017 – Filed June 28, 2017

———————

**AFFIRMED**

———————

Edward L. Graham, Diane M. Rodriguez, and John Layton Ruffin, all of Graham Law Firm, P.A., of Florence, for Appellant.

Robert H. Hood, Mary Agnes Hood Craig, and Elloree A. Ganes, all of Hood Law Firm, LLC, of Charleston, and Deborah Harrison Sheffield, of Columbia, for Respondents.

———————

**PER CURIAM:**  In this medical malpractice case, Genesie Fulton—individually and as next friend for Bryson F., a minor—appeals, arguing the trial court erred in (1) not finding as a matter of law the obstetric emergency statute was inapplicable to this case and (2) not charging the jury on the correct and complete definition of gross negligence.  We affirm.

1.     The evidence presented was sufficient to charge the jury with the obstetrical emergency statute.  *See* S.C. Code Ann. § 15-32-230 (Supp. 2016)[1]; *Stewart v. Richland Mem'l Hosp.*, 350 S.C. 589, 595, 567 S.E.2d 510, 513 (Ct. App. 2002) (explaining the statute provides a limitation on liability as an affirmative defense, and the defendant physician has the burden of proving the limitation applies and the plaintiff patient bears the burden of proving gross negligence).  The trial court ruled it was proper to charge the jury with the obstetrical emergency statute because it was a factual question for the jury and there was "plenty of ammunition on both sides for argument."  "If there is any evidence to support a jury charge, the trial [court] should grant the requested charge."  *State v. Santiago*, 370 S.C. 153,

---

[1]  S.C. Code Ann. § 15-32-230 (Supp. 2016) provides:

(A) In an action involving a medical malpractice claim arising out of care rendered in a genuine emergency situation involving an immediate threat of death or serious bodily injury to the patient receiving care in an emergency department or in an obstetrical or surgical suite, no physician may be held liable unless it is proven that the physician was grossly negligent.

(B) In an action involving a medical malpractice claim arising out of obstetrical care rendered by a physician on an emergency basis when there is no previous doctor/patient relationship between the physician or a member of his practice with a patient or the patient has not received prenatal care, such physician is not liable unless it is proven such physician is grossly negligent.

(C) The limitation on physician liability established by subsections (A) and (B) shall only apply if the patient is not medically stable and:

(1) in immediate threat of death; or
(2) in immediate threat of serious bodily injury.

Further, the limitation on physician liability established by subsections (A) and (B) shall only apply to care rendered prior to the patient's discharge from the emergency department or obstetrical or surgical suite.

159, 634 S.E.2d 23, 26 (Ct. App. 2006).  The obstetrical experts testified that shoulder dystocia is a medical emergency.  Fulton conceded this point but contended that unless it lasted for five or six minutes, it would not involve the immediate threat of death or serious bodily injury.  We conclude from all of the testimony in the record the jury could have found the baby was not medically stable and in immediate threat of death or serious bodily injury.  Therefore, the trial court did not abuse its discretion in charging the statute.  *See State v. Marin*, 415 S.C. 475, 482, 783 S.E.2d 808, 812 (2016) (stating the trial court's decision regarding a jury charge will not be reversed in appeal absent an abuse of discretion).

2.      The trial court is required to charge only the current and correct law of South Carolina.  *Clark v. Cantrell*, 339 S.C. 369, 390, 529 S.E.2d 528, 539 (2000); *Magnolia N. Prop. Owners' Ass'n, Inc. v. Heritage Cmtys., Inc.*, 397 S.C. 348, 362, 725 S.E.2d 112, 120 (Ct. App. 2012).  "A jury charge that is substantially correct and covers the law does not require reversal." *Magnolia N. Prop. Owners' Ass'n*, 397 S.C. at 363, 725 S.E.2d at 120.  The court charged the jury, "Gross negligence is the failure to exercise even the slightest care while negligence is the failure to exercise due care."  We find the jury charge was substantially correct and covered the law; therefore, it does not require reversal.

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**