**STATE of Vermont v. Patrick McMAHON**

[603 A.2d 1128]

No. 90-464

January 8, 1992. Defendant appeals his conviction of arson, assigning error to the trial court's failure to define "reasonable doubt" in its instruction to the jury. We hold that such definition is not required and affirm.

At trial, the court used the phrase "reasonable doubt" numerous times in its charge to the jury. The court never, however, defined reasonable doubt and defendant never requested such definition. As no objection was made at trial, we confine our analysis to plain error. We find that the court did not err in declining to define "reasonable doubt."

Defendant, relying on authority from other jurisdictions, asserts that failure to define reasonable doubt to the jury is plain error. We need not look outside Vermont case law, however, to resolve this issue. In *State v. Derouchie*, 140 Vt. 437, 442–43, 440 A.2d 146, 148 (1981), we emphasized that the trier of fact "must be properly advised of the reasonable doubt standard" in criminal trials, but we offered no guidance on the particular means of properly advising a jury. In *State v. Francis*, 151 Vt. 296, 302, 561 A.2d 392, 396 (1989), we found two explanations of reasonable doubt to be "potentially misleading." We warned that "[d]efining 'reasonable doubt' is a hazardous undertaking because it seems the more said about it to the jury, the less protection that concept provides the accused." *Id.* We quoted from the United States Supreme Court: "'Attempts to explain the term "reasonable doubt" do not usually result in making it any clearer to the minds of the jury.'" *Id.* (quoting *Miles v. United States*, 103 U.S. 304, 312 (1880)).

Earlier Vermont cases squarely hold that a definition of reasonable doubt is not required. In *State v. Blay*, 77 Vt. 56, 60, 58 A. 794, 795 (1904), the Court wrote:

In Bish. Crim. Pro. § 1194, it is said, "There are no words plainer than reasonable doubt and none so exact to the idea meant." . . . In 23 Am. & Eng. Ency. 955, it is said that attempts to define the term are futile; "that the words are of plain and unmistakable meaning, and that any definition on the part of the court tends only to confuse the jury and to render uncertain an expression which, standing alone, is certain and intelligible."

This reasoning is as valid today as it was in 1904, and we see no reason to depart from it. We agree with *State v. Marston*, 82 Vt. 250, 251, 72 A. 1075, 1076 (1909), where the Court said that once the trial court stated the rule of reasonable doubt correctly, "[n]othing further by way of definition was required."

The difficulties associated with attempts to define "reasonable doubt" are recognized even by those jurisdictions which require such definition. See, e.g., *State v. Thorpe*, 429 A.2d 785, 789 (R.I. 1981) ("Discussion of the concept [of reasonable doubt] is perhaps the most important aspect of the closing instruction . . . . Unfortunately, 'reasonable doubt' is at best a difficult concept to explain to a lay jury. Indeed, some courts have refused to define the words in order to avoid confusion.").

We have never held that a defendant is entitled to an explanation of "reasonable doubt," and the court did not err in declining to offer a definition of that phrase once it had correctly stated the rule.

*Affirmed.*