NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 75

No. 2018-149

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Addison Unit, |
| | Criminal Division |
| | |
| Paul R. Alzaga | May Term, 2019 |

John W. Valente, J. (motion to dismiss); Helen M. Toor, J. (final judgment)

David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Dawn Matthews, Appellate Defender, Montpelier, for Defendant-Appellant.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **EATON, J.** Defendant appeals his conviction for DUI refusal. On appeal, defendant argues: (1) the court erred in admitting testimony indicating that defendant had refused to take a preliminary breath test (PBT) and regarding the Horizontal Gaze Nystagmus (HGN) test; (2) the court committed plain error in instructing the jury and designing the jury verdict form; and (3) the conviction is invalid because the jury did not enter a verdict. We affirm.

¶ 2. Defendant was charged with DUI refusal after he was stopped on suspicion of driving while intoxicated and subsequently refused to take an evidentiary breath test. The DUI refusal statute prohibits someone who has a prior DUI conviction from operating, attempting to operate, or being in actual physical control of a vehicle on a highway and refusing an officer's

reasonable request for an evidentiary test "where the officer had reasonable grounds to believe" the person was committing a DUI. See 23 V.S.A. § 1201(b). The term "reasonable grounds" as used in this context is akin to probable cause. State v. Perley, 2015 VT 102, ¶ 18, 200 Vt. 84, 129 A.3d 93.

¶ 3. Prior to trial defendant filed a motion requesting that the DUI refusal charge be dismissed because he alleged that he was not the driver of the vehicle. He argued that the State could not show that he had operated the vehicle. He claimed that the dashboard camera showed that he switched seats with the actual driver when the vehicle was pulled over. The court denied the motion, concluding that there was enough evidence to allow the jury to fairly and reasonably find that defendant drove or had the intent to drive the vehicle. The court explained that any video showing the driver and passenger changing places was modifying evidence that was not relevant to the motion to dismiss.

¶ 4. At the outset of the trial, the court bifurcated the issue of whether defendant had a prior DUI conviction. The court explained that it would submit to the jury a verdict form with questions and if the jury affirmatively answered those questions, the court would ask them to determine whether defendant had a prior conviction. In addition, the State sought clarification on whether defendant's refusal to take the PBT could be admitted. The court determined that the State could present evidence that defendant refused to take the PBT to demonstrate the reasonableness of the officer's belief that defendant was driving while intoxicated.

¶ 5. The case proceeded and during the State's opening statement, defendant objected to the State's reference to the results of the HGN test on the ground that expert testimony was required to demonstrate what the test means and how it relates to alcohol consumption. The State countered that if defendant sought to exclude this evidence, he was required to file a motion in limine prior to trial under Vermont Rule of Evidence 702. The court ruled that defendant had waived the issue by not raising it sooner.

2

¶ 6. The State presented the following evidence. An officer was on patrol around midnight in downtown Middlebury and stopped at a tavern. While there, he observed a vehicle leave the parking lot and drive the wrong way down a one-way alley. The officer executed a stop of the vehicle. Defendant was in the driver's seat, the keys were in the ignition, and the engine was running. The officer testified that he had special DUI training on how to look for clues of impaired driving, how to operate the evidentiary-breath-test machine, and how to conduct field-sobriety tests. He also testified that he had taken an advanced roadside impaired driving enforcement class. After executing the stop, he noticed that defendant had watery eyes and slurred speech and there was an odor of alcohol coming from the vehicle. When questioned, defendant admitted drinking alcohol and could not recall exactly how much. Once a second officer arrived, the officer asked defendant to perform field-sobriety tests. The officer explained that these measure gross motor skills, balance, and memory.

¶ 7. Defendant objected when the officer attempted to testify about administering the HGN. Defendant argued that there was no foundation because the officer did not describe any specific HGN training. The officer testified that his DUI training included information about how to administer the HGN test and the clues to look for. He also testified that the clues are an indication of a depressant like alcohol in a person's system. When the officer testified, defendant again objected that there was an insufficient foundation for the testimony regarding the HGN and the lack-of-convergence tests. The court allowed the testimony to be admitted for the purpose of demonstrating whether the officer had a reasonable basis for believing defendant was DUI. The officer explained that how the test was given and what the different tests showed. The officer described the clues he observed for defendant.

¶ 8. The officer also described administering the field-sobriety tests and testified that defendant did not complete the walk-and-turn test and exhibited several clues of intoxication while attempting it. Defendant refused to perform further tests. The officer testified that defendant

3

refused to give a preliminary sample of his breath. The State introduced a video from the evening. Based on these observations, the officer arrested defendant. At the station, defendant refused to provide an evidentiary sample of his breath.

¶ 9. On cross-examination, defendant played a video and asserted that it showed the occupants changing places. The officer stated that when he made contact, defendant was in the driver's seat, the engine was on, and the keys were in the ignition. The officer stated that defendant did not claim at the time that he was not driving.

¶ 10. Defendant's defense at trial was that he did not drive the vehicle and never intended to drive the vehicle. Defendant testified that he had not been driving and had slipped into the driver's seat when the vehicle was pulled over. He said that he switched to help his friend to avoid getting in trouble with the law. He agreed that when the officer asked how much he had been drinking, he said, "let's just get this over with," and admitted that he had done several shots in the preceding half hour. The other passengers in the car also testified that a different occupant was driving that night and that defendant was in the passenger seat.

¶ 11. In discussion of the jury instructions, defense counsel stated that the issue was identity, not impairment. In closing argument, the State argued that the officer had reasonable grounds to believe defendant was driving under the influence. The State pointed to the odor of alcohol, the failed field-sobriety tests, the slurred speech, the watery eyes, defendant's acknowledged consumption of alcohol, and defendant's admission that he was going to get arrested. The State did not mention the denial of the request to take a PBT or the HGN and lack-of-convergence tests. Defendant's closing argument focused on the seat switch. He did not present any argument regarding whether there were reasonable grounds for the officer to believe he was DUI.

¶ 12. The court instructed the jurors on the elements of the refusal offense, explaining that they had to find that (1) defendant operated, attempted to operate, or was in actual physical

4

control of a motor vehicle, (2) the operation was on a highway, (3) police asked defendant to take an evidentiary test, (4) the officer had reasonable grounds to believe the defendant was driving under the influence, and (5) defendant refused to take the test. The jury was provided with a special verdict form listing questions for the jury to answer. Defendant did not object to the form. Later, the court made changes suggested by the parties and asked for further input. After discussion, there were no objections to the instructions. The jury returned an affirmative answer to all questions on the form. The court proceeded to the question of defendant's prior convictions. Defendant stipulated that he had prior convictions and the court entered a guilty verdict.

## I. Admission of Refusal To Take PBT and HGN Evidence

¶ 13. On appeal, defendant argues that the court erred in admitting evidence that defendant refused to take the PBT[1] and in admitting the officer's testimony describing the HGN test. As to the PBT refusal, defendant argues that: the PBT refusal was inadmissible under 23 V.S.A. § 1203(f)[2]; admission of the PBT refusal violated defendants right to due process[3]; and the PBT refusal was inadmissible because it was unduly prejudicial. As to the HGN testimony, defendant contends that, without an expert, there was an insufficient foundation for admission of

_____

[1] Although defendant objected to admission of the PBT refusal at trial, he did not articulate the specific grounds raised on appeal. Because we conclude that admission of the refusal was harmless, if error at all, we do not reach the question of whether defendant properly preserved the arguments for appeal.

[2] Because we conclude that any error in admitting the PBT refusal was harmless, we do not address defendant's substantive arguments. We note, however, that we recently held that § 1203(f) does not preclude admission of the refusal PBT in a refusal prosecution for the purpose of demonstrating whether there were reasonable grounds to suspect that the defendant was driving while intoxicated. State v. Schapp, 2019 VT 27, ¶ 17, __ Vt. __, 212 A.3d 1226.

[3] Defendant contends that he had a constitutional right to refuse to take the PBT and therefore it violated his rights to due process to use that refusal against him. Because we hold that any error in admitting the PBT was harmless under the circumstances, we need not reach this argument.

5

evidence describing how the different clues relate to intoxication. We conclude that any error in admitting this evidence was harmless beyond a reasonable doubt.

¶ 14. Harmless errors are those that do not "affect substantial rights." V.R.Cr.P. 52(a). To meet the standard "the reviewing court must find beyond a reasonable doubt that the jury would have returned a guilty verdict regardless of the error." State v. Oscarson, 2004 VT 4, ¶ 30, 176 Vt. 176, 845 A.2d 337. When the alleged error is admission of evidence, it is not harmless if "there is a reasonable possibility that the evidence complained of might have contributed to the conviction." Id. (quotation omitted). In assessing the likelihood that admission of the evidence contributed to conviction, we consider, among other things, the importance of the evidence to the State's case, whether it was cumulative, the existence of corroborating evidence, and the overall strength of the State's case. Id. ¶ 32.

¶ 15. Here, defendant's refusal to take the PBT and the evidence concerning the results of the HGN test were admitted to demonstrate that the officer had reasonable grounds to believe defendant was operating a motor vehicle while intoxicated. Neither piece of evidence formed a central part of the State's case. The PBT refusal was mentioned only once during the officer's testimony. Neither the PBT refusal nor the HGN test were mentioned during the State's closing argument to demonstrate that the officer had reasonable grounds to believe defendant had driven while intoxicated. Further, this evidence was cumulative to the State's other unchallenged evidence showing that the officer had reasonable grounds to believe defendant was driving impaired. That evidence included that defendant was in the driver's seat of a vehicle with the keys in the ignition and the engine on, the vehicle had been driven the wrong way down a one-way street, defendant had watery eyes and slurred speech, defendant smelled of alcohol, defendant admitted to drinking alcohol, and defendant exhibited signs of intoxication while attempting to perform a field-sobriety test. These facts alone are sufficient to establish reasonable grounds to suspect defendant was committing a DUI. See State v. Coburn, 2006 VT 31, ¶ 15, 179 Vt. 448,

6

898 A.2d 128 (holding that facts supported that there were reasonable grounds to believe defendant was intoxicated while driving given "odor of intoxicants, beer cans in the vehicle, defendant's manner of driving, defendant's admission that he had been drinking, and defendant's inability to complete field sobriety exercises").

¶ 16. Moreover, at trial, defendant did not contest the State's evidence that he was impaired. Instead, defendant focused on his affirmative defense that he was not the driver of the vehicle. See State v. Ladue, 2017 VT 20, ¶ 10, 204 Vt. 502, 168 A.3d 430 (concluding that reference to HGN test was harmless where there was strong evidence of defendant's impairment and defendant did not challenge impairment and instead focused on his claim that he was not driving vehicle). Because the PBT refusal and HGN evidence held limited value, there was other strong evidence of impairment, and the PBT refusal and HGN evidence were not related to the central question contested at trial, the admission of these items, if error at all, was harmless beyond a reasonable doubt. Id. ¶ 31 (explaining that error in admission of evidence harmless if admission of evidence did not contribute to verdict).

## II. Jury Instructions and Jury Verdict Form

¶ 17. Defendant's final argument concerns the jury instructions and the jury questionnaire. As to the jury instructions, defendant argues that the court committed plain error in failing to provide an instruction on reasonable grounds. Defendant points to a different case regarding criminal refusal and asserts that the same instruction on reasonable grounds should have been provided here. See Perley, 2015 VT 102, ¶ 22 (replicating portion of jury instruction, including instruction defining reasonable grounds).

¶ 18. Because defendant did not raise this objection to the jury instructions below, we review his claim for plain error. V.R.Cr.P. 52(b); see State v. Lambert, 2003 VT 28, ¶ 13, 175 Vt. 275, 830 A.2d 9 (explaining that review is normally for plain error in absence of preservation). Jury instructions are considered in their entirety and this Court will find plain error "only when the

7

entire charge undermines our confidence in the verdict, and only in extraordinary cases." State v. Malshuk, 2004 VT 54, ¶ 9, 177 Vt. 475, 857 A.2d 282 (quotation omitted). To demonstrate plain error for jury instructions, a defendant must demonstrate that the error affected a substantial right and had "an unfair prejudicial impact on the jury's deliberations." Lambert, 2003 VT 28, ¶ 14 (quotation omitted).

¶ 19. When the jury instructions are taken as a whole, we conclude that they accurately reflect the law. "In charging the jury, the trial court has a duty to avoid confusing the issues by 'over definition,' particularly when the word in question is one of plain meaning and may well be understood by its context." State v. Dow, 2016 VT 91, ¶ 16, 202 Vt. 616, 152 A.3d 437 (quotation omitted). Based on this reasoning, we have held that a defendant is not entitled to a definition of "reasonable doubt" and the court did not commit plain error in failing to provide one. State v. McMahon, 158 Vt. 640, 641, 603 A.2d 1128, 1129 (1992).

¶ 20. Similarly, we conclude here that that the term reasonable grounds had a plain meaning and could be understood by the jury in context. The court instructed the jury on the elements of the offense and explained that one element required the jury to find that the officer had reasonable grounds to believe that defendant was driving under the influence of alcohol. The court provided detailed instructions about "operation" and "actual physical control"—terms relevant to defendant's claim he was not driving the car. It did not further define "reasonable grounds." The existence of "reasonable grounds" was not a focus of the defense and the term is not highly technical. Under these circumstances, the omission of a more specific definition of "reasonable grounds," if error at all, was harmless.

¶ 21. Defendant also argues that the jury verdict form was deficient in this case because it did not incorporate his affirmative defense. Pursuant to statute, in a DUI proceeding, a defendant can assert as an affirmative defense that the defendant did not operate or attempt to operate or have physical control of a vehicle because the defendant "(1) had no intention of placing the vehicle in

8

motion; and (2) had not placed the vehicle in motion while under the influence." 23 V.S.A. § 1201(g). Defendant asserted this affirmative defense in this case.

¶ 22.    The court crafted a verdict form that read:

We the jury unanimously agree to the following:

1.  Mr. Alzaga operated or was in actual physical control of a motor vehicle: __ Yes    __ No

2.  He did so on a highway:  __ Yes    __ No

3.  A police officer asked him to take a breath test:  __ Yes    __ No

4.  The officer had reasonable grounds to believe that Mr. Alzaga had been driving, or was in actual physical control of a vehicle, while under the influence of alcohol:  __ Yes    __ No

5.  Mr. Alzaga refused to agree to a breath test:  __ Yes    __ No

Defendant claims that after the first question, the form should have contained a question specifically addressed his affirmative defense and asked the jury if defendant had intended to drive the car that evening.  Defendant acknowledges that he did not object to the questionnaire below and argues that the failure to include the affirmative defense was plain error.

¶ 23.    The facts concerning development of the verdict form are as follows.  The court discussed its proposed jury verdict form with the parties.  Defense counsel questioned whether the form should include a specific reference to defendant's affirmative defense.  The court explained that the affirmative defense was relevant to the first question on the jury form and that if the jury was persuaded by defendant's affirmative defense, it would simply answer "No" to that question. Defense counsel said "okay" and made no further objection to the language on the form related to the affirmative defense.  Later in the trial, the court provided the parties with the final version of the questionnaire and asked if there was anything else.  Defense counsel replied "No, Your Honor."

¶ 24.    Because defendant did not object to the form or the accompanying instructions below, we review defendant's claim for plain error.  Applying the standard set forth above, we

conclude that the form and accompanying instructions did not amount to plain error. The court's instructions when read as a whole provided the jury with clear instructions on how to use the form. The court instructed the jury regarding the affirmative defense and explained that "if you were persuaded that [defendant] did not drive that night and was not intending to drive, then the answer to the first question you must answer is that he did not operate and was not in actual physical control." We conclude that the instructions and the form accurately reflected the law and provided the jury with sufficient information about how to make findings on defendant's affirmative defense. The absence of a question about the affirmative defense in the jury verdict form did not amount to plain error.

### III. Verdict

¶ 25. Defendant's final argument is that the jury did not return a verdict in this case and therefore his conviction is invalid. At defendant's request, the court bifurcated the trial reserving the issue of defendant's prior conviction for DUI. After deliberating, the jury unanimously answered affirmatively to the questions on the jury verdict form. The court then explained to the jury that it had to also find beyond a reasonable doubt that defendant had a prior conviction. The parties approached the bench and explained that defendant agreed that he had a prior conviction and no additional deliberation by the jury was necessary. The court dismissed the jury and engaged in a colloquy with defendant to ensure that he was voluntarily and knowingly waiving his right to have the jury decide the prior-conviction issue. The court questioned whether it was necessary to bring the jury back and both parties agreed that it was not. The court then entered judgment based on the jury's determinations and defendant's stipulation.

¶ 26. On appeal, defendant argues that it was error for the court to enter the verdict and that the court should have notified the jury of the stipulation and allowed them to consider whether to find defendant guilty. Not only did defendant not object below, he invited this error by affirmatively agreeing to the process. Invited error "is a branch of the doctrine of waiver by which

10

courts prevent a party from inducing an erroneous ruling and later seeking to profit from the legal consequences of having the ruling set aside." State v. Longe, 170 Vt. 35, 39 n.*, 743 A.2d 569, 572 n.* (1999) (quotation omitted). Invited error differs from plain error in that it bars review in situations where a party considers an issue and makes a deliberate choice, compared to plain error where a party fails through neglect to make a proper objection. State v. Smith, 2010 VT 15, ¶ 8 n.4, 187 Vt. 600, 992 A.2d 310 (mem.). Having specifically agreed to this process below, defendant has waived the argument now raised on appeal. State v. Morse, 2019 VT 58, ¶ 7, __ Vt. __, __ A.3d __ (holding that appellant waived challenge to jury instruction by agreeing to elements of charge in trial court).

Affirmed.

FOR THE COURT:

_____

Associate Justice