**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-055

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2025

| | | |
|---|---|---|
| State of Vermont v. Justin Traverse* | } | APPEALED FROM: |
| | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| | } | CASE NO. 22-CR-11766 |
| | | Trial Judge: Kerry Ann McDonald-Cady |

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction for refusing an evidentiary breath test in violation of 23 V.S.A. § 1201(b). We affirm.

In December 2022, defendant was charged with driving under the influence of alcohol (DUI)-second offense and criminal refusal. The information alleged that defendant had previously been convicted of violating 23 V.S.A. § 1201 within the past twenty years.

Defendant's October 2023 trial was bifurcated to avoid exposing the jurors to evidence of defendant's prior conviction. After the close of evidence, while the jury was deliberating on the other elements of the two charges, the court asked defense counsel if defendant wanted a bench trial on the prior-conviction element. Defense counsel responded affirmatively. The court explained to defendant that he could opt between having that issue tried by the jury or by the court, or he could stipulate to the fact that he had a prior conviction for DUI. The following exchange then took place:

| | |
|---|---|
| Defendant: | Well, I guess I, I deserved that one. |
| Defense counsel: | I— |
| Defendant: | No. |
| Defense counsel: | Yeah. You can even, you can even agree that that, that conviction is yours. |
| Defendant: | Oh, yeah. |

| Defense counsel: | Judge, I think—I think he would actually stipulate to the prior. |
|---|---|
| The Court: | Okay. Mr. Traverse, do you want some time to take a recess so you can speak to [defense counsel] privately?  I'll give you an opportunity so that you don't have to make the decision with me here watching you. |
| Defendant: | I don't think I need to. I mean, I— |
| Defense counsel: | Yeah, I— |
| Defendant: | —I, I own that one. That was twenty-something, almost twenty years ago. |
| Defense counsel: | Because we talked— |
| Defendant: | That was—that was me. |

The court asked defendant if he was waiving his right to a jury trial on the issue of whether he had a prior DUI conviction.  Defendant stated, "Yes."  He agreed that he was knowingly and voluntarily waiving his right and was not under the influence of any alcohol or medication.  The jury then returned and announced its verdict.  It acquitted defendant of the DUI charge but found him guilty of criminal refusal.

In February 2024, just prior to the sentencing hearing, defendant moved for judgment of acquittal.  He argued that the court record proffered by the State to support the element of a prior conviction showed that he had pleaded nolo contendere to DUI in 2003 and argued that this evidence was inadmissible under Vermont Rules of Evidence 803 and 410 and Vermont Rule of Criminal Procedure 11.  At the sentencing hearing, defense counsel conceded that the State had not relied on the court record to prove the prior conviction because defendant had stipulated to that fact.  The court accordingly denied the motion for judgment of acquittal.  The court sentenced defendant to serve nineteen to twenty days but stayed execution of the sentence pending appeal.

On appeal, defendant argues that his conviction must be reversed because neither the jury nor the court found beyond a reasonable doubt that he had a prior conviction under 23 V.S.A. § 1201 within the past twenty years and he did not enter a guilty plea.  He argues that his admission was insufficient to satisfy the State's burden of proof on this element.

Defendant failed to preserve this challenge by raising it below.  He also waived it through his intentional litigation decisions in the trial court.  "Under the invited error doctrine, a branch of the doctrine of waiver, a party cannot induce an erroneous ruling and later seek to profit from the legal consequences of having the ruling set aside."  State v. Morse, 2019 VT 58, ¶ 7, 211 Vt. 130 (alterations and quotation omitted).  By expressly agreeing to waive his right to a trial on the prior-conviction element and stipulating that element as proven, defendant relinquished his right to challenge the sufficiency of the evidence to support that element.  See State v. Alzaga, 2019 VT 75, ¶ 26, 211 Vt. 111 (holding defendant waived argument that trial court erred in entering

judgment of conviction for DUI refusal based on defendant's stipulation to prior conviction where defendant agreed to that process below).

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice